190 N.J. Super. 75 (1983)
461 A.2d 1205
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS McCANDLESS, DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PATRICK HARTEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1983.
Submitted June 1, 1983.
Decided June 16, 1983.
*76 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
*77 John M. Apicella, Assistant Deputy Public Defender, argued the cause for the appellant McCandless (Joseph H. Rodriguez, Public Defender, attorney).
Appellant McCandless filed a pro se brief.
Linda J. Wharton, Deputy Attorney General, argued the cause for the respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Shawn P. Leyden, Deputy Attorney General, of counsel and on the letter brief).
Tort, Jacobs, Gross, Rosenberger & Todd, attorneys for the appellant Hartey (Joe Nicola, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for the respondent (Frederick S. Cohen, Deputy Attorney General, of counsel and on the brief).
Argued June 1, 1983. (McCandless)
Submitted June 1, 1983. (Hartey).
The opinion of the court was delivered by PRESSLER, J.A.D.
Co-defendants, Thomas McCandless and Patrick Hartey, tried together by a jury, were each convicted of three counts of possession of a stolen credit card in violation of N.J.S.A. 2C:21-6 c(2) and one count of unlawful possession of a so-called B.B. automatic pistol in violation of N.J.S.A. 2C:39-5 b. The three credit card crimes were merged for sentencing purposes and McCandless was sentenced thereon to an 18-month prison term while Hartey was sentenced thereon to a 13-month term. On the weapon possession conviction, McCandless was treated as a persistent offender and sentenced to a consecutive ten-year term subject to a five-year period of parole ineligibility. Hartey was sentenced on the weapon conviction to a consecutive four-year term.
Each of the defendants filed a separate notice of appeal and has separately prosecuted his respective appeal. We have consolidated the appeals on our own motion because both defendants primarily rely on the same contention, namely, the asserted unconstitutionality of N.J.S.A. 2C:39-5 b and 2C:39-2 b.
*78 N.J.S.A. 2C:39-5 b provides that any person who knowingly possesses a handgun without first having obtained a permit to carry it is guilty of a third-degree crime. N.J.S.A. 2C:39-2 b provides in full as follows:
When the legality of a person's conduct under this chapter depends on his possession of a license or permit or on his having registered with or given notice to a particular person or agency, it shall be presumed that he does not possess such a license or permit or has not registered or given the required notice, until he establishes the contrary.
Both defendants argue that the effect of these two provisions, taken together, is to relieve the State of its constitutionally-imposed obligation to prove each element of the offense beyond a reasonable doubt, thereby impermissibly shifting the burden of proof to the defendant. We disagree.
We consider first N.J.S.A. 2C:39-5 b, which replaced former N.J.S.A. 2A:151-41(a). The former provision made it a crime to possess "a pistol or revolver without first having obtained a permit to carry the same." Former N.J.S.A. 2A:151-41(b), to which N.J.S.A. 2C:39-5 c is congruent, similarly provided by requiring registration of rifles and shotguns in order to make their possession legal. Thus, the verbiage, import and elements of the Code crimes and the Title 2A crimes are in all substantial respects identical. The scheme of the former legislation, adopted by the Code, was to require the State to allege the lack of a permit or registration as an element of the crime but to cast upon the defendant the burden of coming forward with proof that the permit or registration requirement had been complied with. In other words, proof of the possession alone constituted a sufficient evidential basis upon which the jury could conclude that the possession was illegal if the defendant failed to come forward with proof of a permit or registration. This scheme was moreover expressly approved by the New Jersey Supreme Court in State v. Hock, 54 N.J. 526 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970), a case involving N.J.S.A. 2A:151-41(b). The court in Hock upheld the allocation to the defendant of the burden of production on the simple and practical ground that, since he is the one with immediate knowledge *79 of whether a permit has been issued, "there is no hardship or injustice in placing upon him the slight intermediate obligation of presenting such evidence." 54 N.J. at 536-537. The court further regarded this obligation as not shifting the ultimate burden of persuasion from the State but rather as only imposing upon the defendant the burden of coming forward with evidence where the weapon in question, as here, is one which is incapable of being possessed legally without a permit. Ibid. We are aware that the United States Court of Appeals for the Third Circuit reached a contrary result in United States ex rel. Hickey v. Jeffes, 571 F.2d 762 (3 Cir.1978), in respect of a similar Pennsylvania statute. We are, however, bound in such circumstances by the pronouncements of our State Supreme Court. See State v. Coleman, 46 N.J. 16, 36-37 (1965), cert. den. 383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966). We are in any event of the view that Hock, supra, represents the sounder view.
The question then before us is whether the presumption created by N.J.S.A. 2C:39-2 b, which we regard as codifying the holding in Hock, is in any way constitutionally objectionable. We answer this question in the negative as well.
The effect and constitutionality of a presumption in respect of an element of a criminal offense are matters which have been carefully considered by both the United States Supreme Court and the Supreme Court of this State. The validity of such a presumption rests upon two basic criteria. The first is simply that there must be a rational connection in terms of logical probability between the proved fact and the presumed fact. The second is that the presumption may not be accorded mandatory effect. As to the first of these criteria, the presumption will be sustained if, as a matter of common experience, it is more likely than not that the fact to be presumed follows from the facts giving rise to the presumption. See Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); County Ulster County Court v. Allen, 442 U.S. 140, 99 S.Ct. 2213, *80 60 L.Ed.2d 777 (1979); Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, reh. den. 397 U.S. 958, 90 S.Ct. 939, 25 L.Ed.2d 144 (1970); Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 757, 13 L.Ed.2d 658 (1965); Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). See also, accepting and applying this principle in New Jersey, State v. Humphreys, 54 N.J. 406 (1969) and State v. DiRienzo, 53 N.J. 360 (1969). See also State v. Stasio, 78 N.J. 467, 485 (1979).
We are satisfied that the presumption here meets that test. First, we regard it as a matter of common experience that a person who is apprehended in possession of a weapon, the legality of which depends upon his having obtained a license, permit or registration therefor, will of necessity be in the best position to know whether that condition for legality has been met and will offer proof of compliance. Thus, his failure to offer such proof, more likely than not, means that no such proof is available and hence that the possession is unlawful. We further note that the prevalence of unlawful possession of firearms is a matter which is generally regarded by the law enforcement community as a problem which has long since reached crisis proportion. See, e.g., State v. Des Marets, 92 N.J. 62, 72-74 (1983); State in Interest of H.B., 75 N.J. 243, 245-247 (1972). Under all of these circumstances, we are satisfied that the presumption created by N.J.S.A. 2C:39-2 b meets the rational connection criterion.[1]
The second criterion for the validity of a statutory presumption respecting an element is, as noted, that it may not be *81 accorded mandatory effect. Thus, the fact finder in a criminal case cannot be required by a criminal statute or a judicial instruction respecting it to accept the presumed fact as having been proved merely because it is satisfied that the underlying facts giving rise to the presumption have been proved. That is a matter of constitutional imperative recognized and developed in the line of United States Supreme Court and New Jersey Supreme Court decisions cited above. Those cases clearly articulate the due process demands which prohibit the according of any weight greater than that of a permissive inference to a statutory presumption, no matter how mandatory the phraseology creating the presumption appears to be. There are several obvious constitutional constraints against according mandatory effect to a statutory presumption as to an element of a crime. First, of course, is the Sixth Amendment right to trial by jury, a right which subsumes the obligation of the State to prove defendant's guilt beyond a reasonable doubt. Implementation of this right requires the State to prove each element of the offense charged and to bear the burden of persuasion in respect thereof. It further prohibits any impingement upon or dilution of the jury's preemptive fact-finding role. It is further clear that the Fifth Amendment right of an accused to remain silent would be seriously encroached upon if the burden of producing evidence were shifted to him from the State in the sense that his failure to produce evidence would have a conclusive effect in establishing an element of the offense. Finally, it must be recognized that another unacceptable consequence of a mandatory presumption would be the impermissible abrogation of the right of the trial judge to grant a judgment of acquittal where reasonable minds would not differ as to the non-establishment of accused's guilt.
These constitutional objections to the mandatory probative effect of the uncontradicted presumption are met by treating the presumption as nothing more than a permissive inference. First, the jury is not required but merely permitted to infer the existence of one fact from proof of the other on the basis of its *82 own common experience as applied to its collective view of the totality of the State's evidence. Second, the trial judge remains free to determine, based on the totality of the State's evidence in a particular case, that while ordinarily the presumed fact does follow from the proved fact as a matter of common experience, in a particular case reasonable minds would not differ in so concluding because of the nature and circumstances of the proved fact and its surrounding circumstances.
The necessarily permissive nature of the statutory presumption respecting an element of a crime distinguishes the criminal case presumption from presumptions in civil cases which may, if unrebutted, have mandatory effect. See, e.g., Silver Lining, Inc. v. Shein, 37 N.J. Super. 206 (App.Div. 1955). This distinction was implicitly recognized by N.J.S.A. 2C:1-13 e which provides that
When the code or other statute defining an offense establishes a presumption with respect to any fact which is an element of an offense, it has the meaning accorded it by the law of evidence.
The "law of evidence" in this context was clearly meant to refer to the judicial authority heretofore cited since the New Jersey Rules of Evidence, when originally adopted, failed to distinguish between the criminal and civil case presumption. This failure was rectified by the adoption, effective July 1, 1982, of Evidence Rule 15, which made clear that the presumption rules in civil cases, and particularly the rule according mandatory effect to an unrebutted presumption, do not apply where the presumed fact is an element of the crime with which the defendant is charged.
The permissive inference nature of the criminal case presumption carries with it several obvious consequences. The first of these is that while the jury may be informed that it may, on the evidence as a whole, infer the presumed fact from the proved fact, it may not be informed that the reason it may do so is because of the existence of a statutory presumption. The rationale for this rule is simply that the word "presumption" itself is likely to connote to the jury some degree of logical or *83 probative inevitability. As expressed by State v. Humphreys, supra,
[t]he jury must be carefully informed that an inference of one fact from another is never binding; the use of the term "presumptive evidence" could have been misleading in the present case. * * * Jury instructions employing the term "presumption" instead of describing an inference have been held to be reversible error, since they shift a burden from the State to the defendant. [54 N.J. at 415-416.]
See also State v. Stasio, supra, 78 N.J. at 485, again pointing out that where a statutory presumption is involved, the "better practice dictates" that "the jury should be instructed in terms of inferences which may or may not be drawn from a fact, the jury being at liberty to find the ultimate fact one way or the other."
Our review of the charge here satisfies us that the trial judge meticulously followed these precepts. Accordingly, we are satisfied that the presumption here complained of is without constitutional infirmity, and that its application here was constitutionally acceptable.
In addition to the foregoing contentions, both defendants claim that the trial judge erred in failing to suppress all of the evidence that was seized during an unwarranted automobile search. They also both urge that the State failed to prove that the weapon here was a firearm within the meaning of N.J.S.A. 2C:39-1 f. Each of the defendants also complains of his respective sentence, Hartey contending that he was improperly denied the presumption of non-imprisonment applicable to a person convicted of a third or fourth degree offense who has not previously been convicted of a crime, and defendant McCandless urging that the length of his sentence was unduly punitive, manifestly excessive, unsupported by an adequate factual basis and imposed in deprivation of his right to a trial by jury in respect of the extended term imposed. Defendant Hartey also asserts that the State failed to prove that he committed the act of taking a credit card without the cardholder's consent, and defendant McCandless asserts that a mistrial should have been declared when a police witness testified that he found marijuana in defendant's possession.
*84 We have carefully reviewed the record in light of all of these contentions and the arguments of counsel thereon as well as defendant McCandless' pro se arguments. We are satisfied that each of these issues is clearly without merit. R. 2:11-3(e)(2).
The convictions appealed from are affirmed.
NOTES
[1] We further note that defendant McCandless has a long prior record of criminal convictions. It is, therefore, clear that he could not have obtained any valid permit or license for the weapon here in question. See N.J.S.A. 2C:58-3 c(1).