**Thomas McCANDLESS, Appellant**

v.

**Harold BEYER, Superintendent, Trenton State Prison, and Irwin I. Kimmelman, Attorney General of the State of New Jersey.**

**No. 86–5851.**

United States Court of Appeals, Third Circuit.

Argued Oct. 6, 1987.

Decided Dec. 8, 1987.

Alfred A. Slocum, Public Defender, Judith B. Fallon, Asst. Deputy Public Defender (argued), East Orange, N.J., for appellant.

W. Cary Edwards, Atty. Gen., J. Grall Robinson, Deputy Atty. Gen. (argued), State of N.J., Div. of Crim. Justice, Appellate Section, Trenton, N.J., for appellee.

Before BECKER, SCIRICA, and ROSENN, Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal from a denial of habeas corpus relief requires us to examine the constitutionality of a New Jersey statute, N.J.S.A. 2C:39–2b, which permits a jury to presume, unless the defendant comes forward with evidence to the contrary, the absence

of a carrying permit from the possession of a firearm. Based upon the record before us, we conclude that there is a rational connection between the basic fact proved and the ultimate fact presumed, and that the latter is more likely than not to flow from the former. Therefore, we agree with the United States District Court's holding that the permissive presumption contained in N.J.S.A. 2C:39–2b did not deny the appellant-petitioner due process of law. We will affirm the denial of his petition for a writ of habeas corpus.

I.

On April 6, 1980, Officer Grunow, a New Jersey municipal police officer, detained an automobile driven by the petitioner and co-defendant Patrick Hartey. A subsequent search of the vehicle disclosed two wallets containing credit cards bearing the names of George Adams and Jeffrey Cromer, and a BB gun.[1] Neither McCandless nor Hartey produced a carrying permit for the handgun.

A state court jury convicted petitioner of possession of a handgun without a permit and of possession of stolen credit cards. The Appellate Division of the Superior Court of New Jersey affirmed, holding that N.J.S.A. 2C:39–2b did not violate due process. *State v. McCandless*, 190 N.J.Super. 75, 461 A.2d 1205 (App.Div.1983). The court observed that the permissive nature of the presumption safeguarded the role of the factfinder, and that a rational nexus existed between the proven and presumed facts. *Id.* 461 A.2d at 1207–1208. After the Supreme Court of New Jersey denied his petition for certification, McCandless filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. Relying primarily upon the New Jersey Supreme Court's decision in *State v. Ingram*, 95 N.J. 489, 488 A.2d 545 (1985), the district court upheld the constitutionality of the presumption. This appeal followed.

1. A .38 caliber colt revolver was also recovered from the vehicle but was subsequently sup-

pressed at a pre-trial hearing.

## II.

In determining whether the district court erred in formulating or applying a legal precept, our review is plenary. *United States v. Adams,* 759 F.2d 1099, 1106 (3d Cir.1985). The due process clause of the fourteenth amendment mandates that before a criminal defendant can be convicted, the state must prove every element of the crime charged beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1969). The state, however, may be assisted in fulfilling its burden of proof by inferences and presumptions, evidentiary devices which permit the factfinder to determine the existence of an "ultimate" fact from the existence of one or more "basic" facts. *See Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

Courts have identified two types of presumptions distinguishable by the extent to which each constrains a factfinder's ability to freely assess the evidence. The first, or mandatory presumption, requires a trier to find an ultimate fact upon proof of a basic one, unless the defendant offers evidence to rebut the connection. *See Turner v. United States,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). In assessing the constitutionality of a mandatory presumption, a court must determine whether the coincidence of facts is compelled by the course of human experience. *See Ulster County Court v. Allen,* 442 U.S. 140, 159–60, 99 S.Ct. 2213, 2226, 60 L.Ed.2d 777 (1978). Because the factfinder is forced to apply the presumption and may not reject it, regardless of the factfinder's independent evaluation of the evidence presented at trial, the Court has held it irrelevant in analyzing a mandatory presumption that

there is ample evidence in the record other than the presumption to support the conviction. *Id.* at 160, 99 S.Ct. at 2226. The second, or permissive presumption, permits, but does not compel a factfinder to presume an ultimate fact from proof of a basic one.[2] *Id.* at 157, 99 S.Ct. at 2224–25. A permissive presumption does not offend due process if "there is a 'rational connection' between the basic facts and the ultimate fact presumed, and the latter is 'more likely than not to flow from' the former." *Id.* at 165, 99 S.Ct. at 2229 (quoting *Tot v. United States,* 319 U.S. 463, 467, 63 S.Ct. 1241, 1244–45, 87 L.Ed. 1519 (1943), and *Leary v. United States,* 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969)). The ultimate test of a device's constitutional validity is that it "must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." *Ulster County,* 442 U.S. at 156, 99 S.Ct. at 2224. A permissive presumption perpetuates a state's burden to prove a defendant's guilt beyond a reasonable doubt. *See Mullaney v. Wilbur,* 421 U.S. 684, 702, 703 n. 31, 95 S.Ct. 1881, 1891, 1891, 92 n. 31, 44 L.Ed.2d 508. A court should not assess the constitutionality of a permissive presumption on its face; instead, it must evaluate a presumption's rationality in light of all the facts adduced at trial. *Ulster County,* 442 U.S. at 162–63, 99 S.Ct. at 2227–28.

### B.

N.J.S.A. 2C:39–5b prohibits possession of a firearm without first obtaining a permit to carry it:

b. Handguns. Any person who knowingly has in his possession any handgun,

---

**2.** The nomenclature adopted by the Supreme Court to distinguish these evidentiary devices tends more to obfuscate than to illuminate. In *Ulster County,* the Court observed that the purely permissive inference placed "no burden of any kind on the defendant." 442 U.S. at 157, 99 S.Ct. at 2224. However, it is hard to imagine an inference that does not place at least a minimal burden of production upon a defendant. Concededly, the jury is free to reject the inference—but it nonetheless operates *against* the defendant unless he produces some quantum of evi-

dence to rebut it. Thus, in *Ulster County,* the Court bifurcated mandatory presumptions into those which merely shift the burden of production to the defendant, and those which entirely shift the burden of persuasion. *Id.* at 157–158 n. 16, 99 S.Ct. at 2225–26 n. 16. It added that "where a presumption imposes an extremely low burden of production—e.g., being satisfied by *any* evidence—it may well be that its impact is no greater than that of the permissive inference, and it may be proper to analyze it as such." *Id.* (Emphasis added).

including any antique handgun without first having obtained a permit to carry the same as provided in section 2C:58–4, is guilty of a crime of the third degree.

The state is assisted in meeting its burden of proof by N.J.S.A. 2C:39–2b:

> b. Licenses and permits. When the legality of a person's conduct under this chapter depends on his possession of a license or permit or on his having registered with or given notice to a particular person or agency, it shall be presumed that he does not possess such a license or permit or has not registered or given the required notice, until he establishes the contrary.

■ In upholding the constitutionality of 2C:39–2b, the New Jersey Supreme Court in *State v. Ingram* declared the presumption permissive,[3] noting that a jury may presume, until the defendant comes forward with some evidence to the contrary, that the defendant does not possess a permit to carry a weapon. 488 A.2d at 549. However, the ultimate criterion of a presumption's degree of permissiveness is the instruction given to the jury. *See Ulster County,* 442 U.S. at 157–58 n. 16, 99 S.Ct. at 2225–26 n. 16. *See also Ingram,* 488 A.2d at 550. In the present case, the trial court's instruction unequivocally asserted the permissive nature of the presumption. In relevant part, the instruction provided:

> In order for you to find the defendant, or defendants, guilty of the charge, the State is required to prove the following elements beyond a reasonable doubt. First, that the defendant knowingly had in his possession an operable handgun. Second, that the defendant did not first obtain a permit to carry same.

And in this regard if you are satisfied that the State has met its burden of proof that the defendant or defendants knowingly possessed a handgun, unless the defendants come forward and produce a permit to carry same, you may infer, that is, you are permitted to infer that there is no such permit.

■ In accordance with *Ulster County,* we must determine, based upon the facts of the instant case, whether a rational connection exists between the proven and presumed facts contained in N.J.S.A. 2C:39–2b. Initially, we note that N.J.S.A. 2C:39–2b is not the type of purely permissive inference that imposes no burden upon a defendant. *See Ulster County,* 442 U.S. at 157, 99 S.Ct. at 2224–25. The jury is instructed on it only when the defendant has introduced *no* evidence tending to prove possession of a permit. N.J.S.A. 2C:39–2b therefore imposes a minimal burden of production on a defendant seeking to avoid its application. Thus, the device at issue is really within the second class of mandatory presumptions articulated by the Supreme Court, those that shift the burden of production without shifting the burden of persuasion. *See id.* at 158 n. 16, 99 S.Ct. at 2225–26 n. 16, and note 2 *infra.* Therefore, we treat the device at issue as a permissive presumption and accordingly apply the "rational connection" test. *Ulster County,* 442 U.S. at 158 n. 16, 99 S.Ct. at 2225–26 n. 16.

■ McCandless contends that the presumption is irrational, and that the state should be required to prove the absence of a permit by affirmative evidence. We disagree. The statutory presumption complies with due process as applied to the petitioner. A review of the facts adduced at trial confirms our finding of rationality.[4]

---

3. We are guided in our evaluation of the evidentiary device at issue by the construction of the New Jersey Supreme Court, but we are not, of course, bound by it. Only the New Jersey court's interpretation of *state* law is binding on a federal court. Thus, the state court's determination of the threshold issue of defining the elements of the crime, and its holding that absence of a permit is an essential element of the offense of unlawful possession of a handgun under N.J.S.A. 2C:39–5b, *Ingram,* 488 A.2d at 546–48, is binding upon us. *See Mullaney,* 421

U.S. at 691, 95 S.Ct. at 1885–86. The evaluation of a presumption used by a jury in assessing guilt, however, is a constitutional matter, and thus we are free to interpret plenarily the instructions given to the jury. *See Sandstrom v. Montana,* 442 U.S. 510, 516–19, 99 S.Ct. 2450, 2455–57, 61 L.Ed.2d 39 (1979).

4. We note, however, that the Supreme Court has not yet decided whether the correlation between the basic and ultimate facts must be valid "beyond a reasonable doubt" when the presump-

Officer Grunow testified that both the petitioner and Patrick Hartey failed to produce a carrying permit on the date of their arrest. Moreover, no permit was found after a thorough search of their car, and of a wallet found in their car, at the time of arrest. As New Jersey requires possession of a written permit whenever an individual carries a handgun, it is entirely rational to presume that unlicensed possession implies a failure to obtain a permit.[5] *See* N.J.S.A. 2C:48–4 and N.J.A.C. 13–54–2.2. Again, we stress that a defendant can overcome the presumption and absolve himself from liability under N.J.S.A. 2C:39–5b simply by offering proof of possession of a gun permit.

■ We observe that the petitioner testified at his state trial and denied any possessory interest in the handgun and the other items recovered from the automobile that he was driving. A defense of non-possession without anything more is tantamount to conceding that no permit was procured; if the handgun did not belong to McCandless he would have no reason to carry a permit. If the jury believed McCandless' testimony, it would have acquitted him. If, however, as seems likely, the jury chose to reject McCandless' defense, it would be entirely rational for it to conclude that he possessed no carrying permit.[6] In other words, no great leap of faith is required to presume the absence of a

permit once a defense of non-possession is rejected,[7] because the normal reaction of someone confronted under these circumstances by a police officer would be to produce a permit if he in fact had one.

■ Finally, defendant contends that instead of relying upon the presumption at issue, the State should be required to affirmatively prove the absence of a carrying permit through the testimony of its registrar. However, defendant himself concedes that no central registry of gun permits exists, and no New Jersey statute requires such a registry to be kept. Gun permits in New Jersey can be issued by any Superior Court judge, N.J.S.A. 2C:58–4d, and once issued, a copy of the permit need only be forwarded either to the local chief of police or the state police. N.J.S.A. 2C:58–3(h). *See also* New Jersey State Police Firearms Investigation Unit, *Firearms Applicant Guide* 16. Thus, with no central record of gun permits available, proof on non-issuance of a permit would be impractical. We have already noted the ease with which this evidence could be produced by the defendant.

Based on the facts of the present case, a jury could rationally presume that the petitioner had not obtained a permit to carry the gun he possessed at the time of his arrest. We therefore hold that the pre-

tion is the only evidence tending to establish an element of a crime. *See Ulster County*, 442 U.S. at 166–67, 99 S.Ct. at 2230. We need not reach that issue in the present case because the presumption was one of several evidentiary elements that permitted the jury to find the defendant guilty of illegal possession of a weapon beyond a reasonable doubt.

5. We agree with the Appellate Division's conclusion that McCandless's long record of prior convictions would have precluded him from obtaining a permit for the weapon in issue. *McCandless*, 461 A.2d at 1208 n. 1.

6. Defendant relies principally upon *Mercado v. Hilton*, No. 80–2723, slip op. (D.N.J. decided July 7, 1981) in which the district court held N.J.S.A. 2C:39–2b violative of due process. To the extent that *Mercado* can be read to declare the presumption unconstitutional on its face, we overrule it. Unlike the present case, however, *Mercado* applied the presumption to a defend-

ant who conceded a possessory interest in the illegal firearm. The defendant contended that the state had failed to introduce any evidence of his failure to obtain a carrying permit. We note that where a defendant admits possession of a handgun, the rationality of the presumption becomes more tenuous because his testimony can no longer be used to imply non-compliance with the permit requirement. This fact coupled with the state's failure to introduce *any* additional evidence of the failure to obtain a permit distinguishes *Mercado* from the facts of the instant case. Thus, we find that although the *Mercado* court erred in striking down the presumption on its face, it may have correctly declared N.J.S.A. 2C:39–2b unconstitutional as applied.

7. We observe that requiring a defendant to come forward with proof of possession of a carrying permit does not necessarily undercut a defense of non-possession. As the *Ingram* court noted, a court can resolve the issue outside the presence of the jury. 488 A.2d at 550.

sumption contained in N.J.S.A. 2C:39-2b does not offend due process.

The judgment of the district court denying petitioner a writ of habeas corpus will be affirmed.