230 N.J. Super. 476 (1989)
553 A.2d 881
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STEPHEN BOLTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 18, 1989.
Decided February 14, 1989.
*477 Before Judges PRESSLER, O'BRIEN and STERN.
Alfred A. Slocum, Public Defender, attorney for appellant (Stephen A. Caruso, Assistant Deputy Public Defender, of counsel and on the brief).
John Kaye, Monmouth County Prosecutor, attorney for respondent (Mark P. Stalford, Assistant Prosecutor, of counsel; Deborah S. Hanlon-Schron, on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant was indicted for fourth degree unlawful possession of a knife, N.J.S.A. 2C:39-5d (count one), and fourth degree possession of the knife by a convicted felon, N.J.S.A. 2C:39-7 (count two). The counts were severed, and defendant was convicted at trial on the second count. He was given an 18-month custodial sentence without a parole ineligibility term. We reverse and remand for a new trial.
On January 9, 1987 a car defendant was driving was stopped by officers of the Red Bank Police Department. After the stop, Det. Coutu observed a knife protruding from an ashtray of the car. The ashtray was "located in the center of the console, the center of the dashboard."
Defendant testified on his own behalf. He indicated that the knife belonged to the passenger, Rickey Herve. According to defendant, Herve was

*478 ... sitting next to me as I got out of the car [and he] pulled it out of his pocket and threw it in the ashtray. It was in plain view. When the detective said whose knife was it, I said it wasn't mine.
Defendant further indicated that he was "on the revoked list" and had "no license", which explained his conduct at the time of the stop.
On this appeal defendant argues
POINT I THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN INSTRUCTING THE JURY WITH REGARD TO THE SUBJECT OF AN EVIDENTIARY PRESUMPTION AND IN SO DOING SHIFTED THE BURDEN OF PROOF FROM THE STATE TO THE DEFENDANT, IN VIOLATION OF THE DUE PROCESS GUARANTEE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
POINT II THE TRIAL COURT ERRONEOUSLY CHARGED THE JURY THAT IF THE STATE DID NOT PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT THE DEFENDANT WAS "ENTITLED TO" AN ACQUITTAL. (Not Raised Below).
In his instructions to the jury the trial judge stated, among other things
When a weapon is found in a vehicle it is presumed to be in the possession of the occupant if there is but one. If there is more than one occupant in the vehicle it shall be presumed to be in the possession of all of the occupants. Thus briefly the State must prove the following elements beyond a reasonable doubt. One, that the object was a weapon. Two, that the defendant possessed it. Three, that the defendant possessed it actually or constructively. Three, that the defendant knew it was a weapon. And four, that the defendant had a prior conviction for possession, sale or use of a controlled dangerous substance.
After the instructions were completed, defendant objected to the instruction on the presumption, and the following colloquy was developed:
MR. PIZZULI: Yes, sir. With regard to the charge you indicated to the jury what the presumption would be if there was a weapon and if there was one or more people in the car.
THE COURT: Right.
MR. PIZZULI: I do not believe you indicated to the jury that that presumption can be overcome or disregarded if they feel that the facts do not support that presumption.
I think that this may have the effect of misleading the jury, just giving them the presumption and not telling them that they could overcome the presumption if the facts support 

*479 THE COURT: How about when you tell them the defendant is presumed not guilty until he is proven guilty beyond a reasonable doubt. Did we tell them the State has to overcome that presumption or do they know the State has to overcome it.
MR. PIZZULI: I think, very respectfully, I think we are dealing with a more specific presumption if there is such a thing.
THE COURT: What could be more specific than a presumption of innocence.
MR. PIZZULI: What you are telling them if there are two people in the car, there is a weapon in the car, he is presumed guilty  strike that.
If there is a weapon in the car and there is one or more people he is presumed to be in control over that weapon.
All  What I'm just saying is there is the presumption and I'm not arguing about that, what I'm saying is they should be allowed to be able to rebut that presumption if they feel the facts indicate that rebutting the presumption is appropriate.
And I think because its a specific direct presumption whereas the presumption of innocence is more broad and encompassing it will have the effect of perhaps misleading the jury. That would be my only exception, sir.
THE COURT: Okay. Exception is noted I'm satisfied that I am sure that the jury knows any presumption can be overcome by evidence.
We agree with defendant and conclude that the judge's instructions on the "presumption" were improper.
N.J.S.A. 2C:39-2a provides

Possession of firearms, weapons, destructive devices, silencers, or explosives in a vehicle. When a ... weapon ... is found in a vehicle, it is presumed to be in the possession of the occupant if there is but one. If there is more than one occupant in the vehicle, it shall be presumed to be in the possession of all, except under the following circumstances [not applicable in this case].
While this statute refers to what shall be "presumed", N.J.S.A. 2C:1-13e provides that "[w]hen the code or other statute defining an offense establishes a presumption with respect to any fact which is an element of an offense, it has the meaning accorded it by the law of evidence."
Evid.R. 13 (definition of presumption) and 14 (effect of presumption) do not apply to criminal actions "where a statute ... permits the prosecution in a criminal case to prove a fact which is an element of the offense charged against an accused by proof of another fact or facts." Evid.R. 15. Evid.R. 15 was adopted *480 in 1981, effective July 1, 1982, in light of N.J.S.A. 2C:1-13e and because of constitutional case law dealing with the effect of presumptions in criminal cases. See Biunno, Current N.J. Rules of Evidence, comment to Evid.R. 15 at 211 (Gann 1988 ed.). See also State v. Ingram, 98 N.J. 489, 496 (1985); State v. DiRienzo, 53 N.J. 360 (1969); State v. Humphreys, 54 N.J. 406 (1969). As we indicated in State v. McCandless, 190 N.J. Super. 75 (App. Div. 1983), certif. denied, 95 N.J. 210 (1983) with respect to the presumption embodied in N.J.S.A. 2C:39-2b:
The permissive inference nature of the criminal case presumption carries with it several obvious consequences. The first of these is that while the jury may be informed that it may, on the evidence as a whole, infer the presumed fact from the proved fact, it may not be informed that the reason it may do so is because of the existence of a statutory presumption. The rationale for this rule is simply that the word "presumption" itself is likely to connote to the jury some degree of logical or probative inevitability. As expressed by State v. Humphreys, supra:

[t]he jury must be carefully informed that an inference of one fact from another is never binding; the use of the term "presumptive evidence" could have been misleading in the present case . .. Jury instructions employing the term "presumption" instead of describing an inference have been held to be reversible error, since they shift a burden from the State to the defendant. [54 N.J. at 415-416].

See also State v. Stasio [78 N.J. 467, 485 (1979)] again pointing out that where a statutory presumption is involved, the "better practice dictates" that "the jury should be instructed in terms of inferences which may or may not be drawn from a fact, the jury being at liberty to find the ultimate fact one way or the other." [190 N.J. Super. at 82-83].
Thus, the jury cannot be instructed that it may "presume" that a knife in an ashtray of a motor vehicle is possessed by all the occupants. Rather, the jury may be advised that it can draw an inference if it finds it more probable than not that the inference is true. See State v. Brown, 80 N.J. 587, 592 (1979); State v. Latimore, 197 N.J. Super. 197, 211 (App.Div. 1984) certif. denied 101 N.J. 328 (1985); State v. Humphreys, supra. In any event, the term "presumption" should not be used in a criminal jury instruction, State v. Humphreys, supra, 54 N.J. at 415; and a jury should be instructed only "in terms *481 of inferences which may or may not be drawn from a fact, the jury being at liberty to find the ultimate fact one way or the other." State v. Stasio, supra, 78 N.J. at 485; see also State v. Humphreys, supra, 54 N.J. at 415-17. Note also State v. Hock, 54 N.J. 526 (1969) cert. denied 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970); State v. Ingram, supra, 98 N.J. at 496-98. As stated in Humphreys:
The jury must be carefully informed that an inference of one fact from another is never binding; the use of the term "presumptive evidence" could have been misleading in the present case. Here the jury may have interpreted that term as far stronger than a permissive inference. 54 N.J. at 415.[1]
In this case the knife was observed in the ashtray in the front of the car. The judge's instruction to the jury about a presumption may well have been a deciding factor in its conclusion that the defendant possessed the knife, notwithstanding his testimony that the passenger pulled it out of his pocket and threw it into the ashtray as the car was being stopped, thus suggesting that there was no "possession" within the meaning of the Code of Criminal Justice because defendant was not aware of his control of it "for a sufficient period of time to have been able to terminate his possession." N.J.S.A. 2C:2-1c. The failure of the judge to use the word "inference", instead of "presumed", and to indicate to the jury that it could reject the "inference" is reversible error as it could well have affected the result.
In light of our conclusion we do not pass upon defendant's second contention. However, in advance of instructing the jury at the retrial, the court should consider its language in light of State v. Ragland, 105 N.J. 189 (1986).
Reversed and remanded for a new trial.
NOTES
[1] In Humphreys, the trial judge erroneously charged the language under N.J.S.A. 2A:151-7, now repealed, that "[T]he presence of a firearm in a vehicle is presumptive evidence of possession by all persons occupying the vehicle at the time." 54 N.J. at 415.