241 N.J. Super. 529 (1990)
575 A.2d 529
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHELE WALTEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 11, 1990.
Decided June 7, 1990.
*531 Before Judges KING, BAIME, and KEEFE.
Schachter, Cohn, Trombadore & Offen, attorneys for appellant (Thomas A. Pavics, on the brief).
Carter, Van Rensselaer & Caldwell, attorney for respondent pursuant to R. 3:23-9(d) (Guy R. Wilson, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Defendant Michele Walten was found guilty after a trial de novo in the Law Division of leaving the scene of an accident in violation of N.J.S.A. 39:4-129(a). She was fined $200, ordered to pay court costs of $25 and her driver's license was revoked for a period of six months. The license revocation was stayed pending this appeal.
The issues presented on appeal are: (1) whether the statutory presumption created in N.J.S.A. 39:4-129(e) is constitutionally *532 required to be construed so as to permit only an inference of knowledge to be drawn, rather than a presumption of knowledge; (2) whether the statutory presumption in this case was improperly used to shift the burden of proof to the defendant; (3) whether there was insufficient evidence of injury in any event to invoke either the inference or presumption permitted by the statute. For reasons to be stated more fully herein, we reverse the judgment of conviction and remand the matter for a new trial.
The State's case was based upon the testimony of the victim, Jennifer DiTrolio, and her two friends who witnessed the accident. The State maintained that on August 14, 1988, at approximately 1:30 a.m., DiTrolio was struck by defendant's automobile as it was backing out of a parking space at a restaurant in Raritan Township. Defendant's license plate number was obtained by one of the witnesses and reported to the police. The witnesses testified that they yelled to the driver of the vehicle to stop after striking DiTrolio but that the vehicle drove off rather quickly. One witness testified that the defendant made brief eye contact with the witness when the witness screamed loudly in her direction.
Defendant testified that she was unaware of the fact that she had struck anyone and claimed that she was playing her cassette player loudly as an explanation for not hearing anyone shout at her. She testified that she was unaware of the incident until she received the summons in question over two months from the date of the incident.
The pertinent provisions of N.J.S.A. 39:4-129 under which the defendant was charged are as follows:
(a) The driver of any vehicle, knowingly involved in an accident resulting in injury or death to any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene until he has fulfilled the requirements of subsection (c) of this section.
* * * * * * * *

*533 (e) The driver of any motor vehicle involved in an accident resulting in injury or death to any person or damage in the amount of $250.00 or more to any vehicle or property shall be presumed to have knowledge that he was involved in such accident, and such presumption shall be rebuttable in nature.
It is true that a motor vehicle charge is quasi-criminal in nature and not an "offense" under the Code of Criminal Justice. State v. Hammond, 118 N.J. 306, 571 A.2d 942 (1990). Because of its hybrid nature, certain constitutional rights apply to defendants charged with such offenses while others do not. See, e.g., Rodriguez v. Rosenblatt, 58 N.J. 281, 293-94, 277 A.2d 216 (1971). It is not necessary to list which rights do and do not apply here. Suffice it to say that defendants charged with motor vehicle offenses are accorded the basic right of presumed innocence which imposes on the State the corollary obligation to prove a defendant's guilt beyond a reasonable doubt. State v. Feintuch, 150 N.J. Super. 414, 422, 375 A.2d 1223 (App.Div. 1977), app. dism. 75 N.J. 606, 384 A.2d 836 (1978). In that important respect a motor vehicle offense is the same as a criminal offense. Therefore, because the improper application of statutory presumptions can impact on such a fundamental right, the analysis undertaken when such presumptions are relevant in criminal cases applies equally well to a motor vehicle offense charging a violation of N.J.S.A. 39:4-129. See State v. Ingram, 98 N.J. 489, 496, 488 A.2d 545 (1985).
It is well established in criminal law that a statutory presumption does not offend constitutional principles of due process if there is some "rational connection in terms of logical probability between the proved fact and the presumed fact ... [and if] the presumption [is] not ... accorded mandatory effect." State v. McCandless, 190 N.J. Super. 75, 79, 461 A.2d 1205 (App.Div. 1983), certif. den. 95 N.J. 210, 470 A.2d 428 (1983). See also Ingram, 98 N.J. at 498, 488 A.2d 545. As applied to this case, the fact to be presumed is "knowledge" while the underlying fact that must be proven is "injury". While defendant argues that there was insufficient proof of injury in this case in order to invoke the statutory presumption, *534 defendant does not contend that no rational connection exists between the proof of injury and the presumed fact of knowledge. Indeed, we think the nexus between the two is a matter of common sense. It is not unreasonable to infer that an operator of a motor vehicle who strikes another with such force as to cause injury must have known that he was involved in an accident. Clearly, the first prong of the McCandless test has been met.
It is the second prong of the McCandless test that creates some difficulty. We begin the analysis with the observation that it is the duty of a court to interpret a statute in a way to avoid constitutional infirmity if such a construction is possible. State v. Todd, 238 N.J. Super. 445, 461, 570 A.2d 20 (App.Div. 1990). As McCandless points out, a statutory presumption which mandates a finding that the presumed fact exists simply by proving the underlying fact offends the due process clause of the Fifth and Fourteenth amendments to the Constitution because it undermines the defendant's presumption of innocence and diminishes the State's obligation to prove guilt beyond a reasonable doubt. Thus, in order to observe the demands of due process a court may not accord any greater weight than that of a permissive inference to the statutory presumption, "no matter how mandatory the phraseology creating the presumption appears to be." McCandless, 190 N.J. Super. at 81, 461 A.2d 1205.
N.J.S.A. 39:4-129(e) requires the State to prove beyond a reasonable doubt that the defendant had "knowledge" that an accident occurred. In order to meet constitutional muster, evidence offered by the State that an injury occurred can create only a permissible inference that defendant had "knowledge that he was involved in such accident...." N.J.S.A. 39:4-129(e). The conclusion that "knowledge" exists is not mandated by proof of the underlying fact of injury. The trier of fact must be free to accept or reject the inference based upon the *535 totality of the evidence, mindful always that the burden of proof never shifts from the State.
The Law Division judge in applying the statute to the facts of this case said,
[T]he defendant failed ... to rebut the statutory presumption that she had knowledge that she was involved in such an accident.
This passage suggests that the judge improperly shifted the burden of proof to the defendant by requiring her to overcome the statutory presumption of knowledge. We are satisfied that such an error is clearly capable of producing an unjust result and requires a new trial. State v. Macon, 57 N.J. 325, 333, 273 A.2d 1 (1971).
Finally, defendant contends that there was insufficient evidence of the victim's injury to invoke the inference. We disagree. While the evidence on that subject was disputed, we cannot say that there was insufficient evidence for a rational factfinder to conclude beyond a reasonable doubt that DiTrolio received some injury when she was struck by defendant's car. Although the finding was not specifically made by the Law Division judge, he impliedly determined that an injury occurred when he found that the victim "rode" on defendant's trunk for a "short distance" after being struck.
Reversed and remanded for a trial de novo in the Law Division.