588 A.2d 889

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. CHRISTOPHER W. MOORE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 5, 1991—Decided April 4, 1991.

Before Judges MICHELS, GRUCCIO and D'ANNUNZIO.

*Nancy E. Lucianna* argued the cause for appellant (*Lucianna & Lucianna,* attorneys; *Nancy E. Lucianna,* of counsel and on the letter brief).

*Joshua P. Cohn,* Assistant County Prosecutor, argued the cause for respondent (*John J. Fahy,* Bergen County Prosecutor, attorney; *Joshua P. Cohn,* of counsel and on the letter brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Defendant Christopher W. Moore was found guilty in the Municipal Court of Midland Park, New Jersey of consuming an alcoholic beverage while operating a motor vehicle in violation of *N.J.S.A.* 39:4–51a. The Municipal Court judge sentenced defendant as a second offender to ten days of community service and fined him $250 pursuant to *N.J.S.A.* 39:4–51a(c). Defendant appealed to the Law Division where, following a trial *de novo* on the record, he was again found guilty and the same sentence imposed. Defendant appealed and the Law Division judge stayed the sentence pending this appeal.

According to the State's proofs, on September 14, 1989 at approximately 12:05 a.m., Sergeant Robert Klingen (Sergeant Klingen) of the Midland Park Police Department was on routine patrol with Officer Smith in a marked police vehicle when he came upon a disabled passenger car at the corner of Goffle Road and Godwin Avenue in Midland Park. The disabled car was stopped underneath the traffic light with its hood up. Sergeant Klingen parked his patrol car behind the disabled car and approached defendant who was underneath the hood. Also present was a passenger, John Gallagher (Gallagher), who was seated in the front right hand passenger side seat.

Once the disabled car was removed from the road, Sergeant Klingen asked defendant for his license, registration and insurance card. During this conversation, defendant admitted to being the operator of the car before it became disabled. At this point, Sergeant Klingen was standing within one to two feet of defendant and detected a "strong odor of alcoholic beverages on [defendant's] breath." The area was well-lit with street lights on both sides of the road and Sergeant Klingen observed defendant's eyes to be "somewhat red and watery." Based upon these observations, Sergeant Klingen asked defendant to perform certain field sobriety tests which were done satisfactorily.

Shortly after defendant completed the field sobriety tests, Gallagher exited the car. Sergeant Klingen then "examined the interior of the vehicle" and saw a brown paper bag (bag) on the floor of the front passenger's seat. "[T]he bottom of the bag was wet and there was liquid around the bottom of the bag." When Sergeant Klingen lifted up the bag, the bag's bottom fell out and two open, partially consumed cans of Budweiser beer fell to the floor. Since both cans of beer were open, "a good portion spilled from both cans on to the floor." Sergeant Klingen retrieved the two beer cans, which were still cold, and found that each can was "approximately half full." At that time, Sergeant Klingen asked both defendant and Gallagher to whom the cans of beer belonged, but neither party admitted to ownership or possession.

Defendant, however, denied drinking any beer from the containers in the bag. According to defendant, he worked at his grandmother's house that day scraping paint, painting and resurfacing the house; these activities irritated his eyes making them red. That night while watching T.V. and relaxing at his grandmother's house, defendant consumed one beer between approximately 11:00 p.m. and 11:30 p.m. "A little before twelve," defendant received a phone call from Gallagher asking defendant to pick him up on Goffle Road at the Hess gas station. Defendant got up and drove the ten to fifteen minutes from his house to the Hess gas station where he picked up Gallagher.

When defendant arrived at the Hess gas station, Gallagher had a bag with him. Gallagher picked up the bag, put it down on the passenger's seat and then entered the car. Once Gallagher was in the car, defendant exited the Hess gas station and proceeded north on Goffle Road to take Gallagher home. As defendant drove north, neither Gallagher nor the bag moved from the passenger's side. Defendant denied drinking any beer from the containers in the bag or smelling any alcohol when the bag was brought into the car or knowing that beer was in the bag. Defendant did not know what was in the bag but

"presumed it was [Gallagher's] clothes because he has no driver's license, and he usually carries a spare set on him."

While traveling north on Goffle Road, defendant's car stalled at the light. When defendant was under the hood of the car, the police officer approached him. Defendant explained to the police officer that he "was just picking [his] friend up, and dropping him off, and giving him a lift home because he was down and out." The police officer then asked defendant if he had been drinking and defendant responded that he had one beer at his house. At that point, defendant's car was pushed into a gas station. Once defendant and Gallagher got out of the car, the police officer went into the car and picked up the bag. When the police officer asked defendant and Gallagher who owned the beer, defendant denied ownership. Defendant was charged with having an "open alcoholic beverage in the motor vehicle" in violation of *N.J.S.A.* 39:4–51a, while Gallagher was charged with "consuming an alcoholic beverage in a motor vehicle" contrary to *N.J.S.A.* 39:4–51a.

Defendant seeks a reversal of his conviction, or alternatively, a modification of his sentence on the following grounds set forth in his letter brief:

I. THE COURT BELOW ERRED IN FINDING THAT MERE SATISFACTION OF THE PRESUMPTION CONTAINED IN *N.J.S.A.* 39:4–51(b) GIVES RISE TO AN OFFENSE UNDER *N.J.S.A.* 39:4–51(a).

II. THE ADJECTIVE LAW DELINEATED IN *N.J.S.A.* 39:4–51(b) IS AN ILLEGAL PRESUMPTION.

III. *N.J.S.A.* 39:4–51(a) IS UNCONSTITUTIONALLY VAGUE AND THEREFORE, DOES NOT GIVE PROPER NOTICE OF THE PROHIBITED ACT.

IV. THE COURT BELOW ERRED IN JUDGING APPELLANT'S CREDIBILITY SINCE IT DID NOT HAVE AN OPPORTUNITY TO OBSERVE AND HEAR APPELLANT'S TESTIMONY.

V. APPELLANT WAS ERRONEOUSLY DENIED THE BENEFIT OF THE RULE IN *LAURICK* SINCE COMMUNITY SERVICE IS A DEPRIVATION OF LIBERTY.

We have carefully considered these contentions and all of the arguments advanced by defendant in support of them and find that they are clearly without merit. *R.* 2:11–3(e)(2). However,

we are satisfied that, for reasons other than those advanced by defendant, the sentence imposed upon him is illegal and therefore, the sentence must be vacated and the matter must be remanded for resentencing. Before we turn to the legality of the sentence, further comment is appropriate with respect to some of defendant's contentions.

I.

Defendant claims the State failed to prove that he violated *N.J.S.A.* 39:4–51a because the necessary elements of "consume" and "operating a motor vehicle" were not proven beyond a reasonable doubt. We disagree. We are satisfied that the State proved beyond a reasonable doubt that defendant violated *N.J.S.A.* 39:4–51a, which, in part provides:

> a. A person shall not consume an alcoholic beverage while operating a motor vehicle. A passenger in a motor vehicle shall not consume an alcoholic beverage while the motor vehicle is being operated. This subsection shall not apply to a passenger of a charter or special bus operated as defined under R.S. 48:4–1 or an autocab, limousine or livery service.

Upon a plain reading of *N.J.S.A.* 39:4–51a(b), a presumption is clearly created not just for the statutory requirement of "consume" within *N.J.S.A.* 39:4–51a(a), but for the entire offense of "consum[ing] an alcoholic beverage while operating a motor vehicle." *N.J.S.A.* 39:4–51a(b) provides:

> A person shall be presumed to have *consumed an alcoholic beverage in violation of this section* if an unsealed container of an alcoholic beverage is located in the passenger compartment of the motor vehicle, the contents of the alcoholic beverage have been partially consumed and the physical appearance or conduct of the operator of the motor vehicle or a passenger may be associated with the consumption of an alcoholic beverage. For the purposes of this section, the term "unsealed" shall mean a container with its original seal broken or a container such as a glass or cup. [Emphasis added].

Here, sufficient credible evidence exists on the record to find defendant guilty beyond a reasonable doubt of having consumed an alcoholic beverage while operating a motor vehicle. Each element required for the presumption of violation of *N.J.S.A.* 39:4–51a(a) has been established. As to the first and second elements, two open, cold Budweiser beer cans were

found in a bag on defendant's car floor in front of the passenger seat. As to the third element, Sergeant Klingen's testified that both beer cans were open, partially consumed, cold and "approximately half full," after and notwithstanding the fact that a "good portion spilled from both cans on to the floor" when the bag ripped. Finally, in regard to the fourth element, Sergeant Klingen testified that (1) he detected a "strong odor of alcoholic beverages on [defendant's] breath" and (2) he observed defendant's eyes to be "somewhat red and watery." Both of these characteristics displayed by defendant—the operator of the car—directly relate to physical conditions "which may be associated" with drinking. Thus, the State proved beyond a reasonable doubt each element of *N.J.S.A.* 39:4–51a(b) necessary to give rise to the presumption that defendant consumed an alcoholic beverage while operating a motor vehicle contrary to *N.J.S.A.* 39:4–51a(a).

## II.

Defendant contends that *N.J.S.A.* 39:4–51a(b) creates an illegal presumption because "[t]here is no rational connection between having an open, partially consumed container of an alcoholic beverage in the passenger compartment of an automobile and operation of a motor vehicle while consuming the beverage" and the "presumption may not even require the State to prove as fact operation of the automobile at all." Contrary to defendant's argument, the presumption created by *N.J.S.A.* 39:4–51a(b) meets the criteria of *State v. McCandless,* 190 *N.J.Super.* 75, 79, 461 *A.*2d 1205 (App.Div.), *certif. denied,* 95 *N.J.* 210, 470 *A.*2d 428 (1983), *petition for habeas corpus denied,* 835 *F.*2d 58 (3d Cir.1987), and therefore, is legal. In *State v. McCandless, supra,* we held that the validity of a presumption in respect of an element of a criminal offense rests upon two criteria: (1) there must be a rational connection in terms of logical probability between the proved fact and the presumed fact and (2) the presumption must not be accorded mandatory effect.

Here, both criteria have been met. In regard to the first element, a rational connection clearly exists between finding two cold, open, partially consumed Budweiser beer cans on the floor of the front passenger's seat, when there are only two people present, with a driver whose breath smelled like alcohol and eyes were "somewhat red and watery" and the presumed fact that he was operating a motor vehicle while consuming an alcoholic beverage. As to the second element, the presumption is not accorded a mandatory effect. *N.J.S.A.* 39:4-51a(b) gives rise to a permissible inference, not a mandatory finding. The presumption created by *N.J.S.A.* 39:4-51a(b) does not deprive a defendant of due process because it neither relieves the State from carrying its burden of proof for each element of the offense, shifts the burden of proof to a defendant nor relieves the State from proving a defendant's guilt beyond a reasonable doubt. It is implicit within *N.J.S.A.* 39:4-51a(b) that the State is required to show not only consumption of an alcoholic beverage but that a defendant was operating the motor vehicle.

### III.

Defendant also claims that *N.J.S.A.* 39:4-51a is unconstitutionally vague, both on its face and as applied to him. Again, we disagree with respect to the facial attack. A reasonable person upon reading the phrase "[a] person shall not consume an alcoholic beverage while operating a motor vehicle," is clearly put on notice that in no way can he drink alcohol and drive at the same time. *N.J.S.A.* 39:4-51a(a). The statute proscribes this type of conduct with certainty and negates any vagueness claim.

Second, the statute, as applied to defendant here, is not vague. *N.J.S.A.* 39:4-51a was specifically adopted to stop the type of conduct that defendant is charged with, drinking alcohol while operating a motor vehicle. The statute clearly puts defendant on notice that his conduct was prohibited. Moreover, defendant was not stopped and issued a complaint because of a

police officer's unbridled discretion. Rather, defendant was issued the summons based on circumstances which established that he was consuming beer while operating his motor vehicle.

## IV.

■ Finally, although not raised by defendant, we are satisfied that his sentence exceeds the limits provided by the penalty subsection of the statute. *N.J.S.A.* 39:4–51a(c), provides:

c. For the first offense, a person convicted of violating this section shall be fined $200.00 and shall be informed by the court of the penalties for a second or subsequent violation of this section. *For a second or subsequent offense,* a person convicted of violating this section *shall be fined $250.00 or shall be ordered* by the court *to perform community service for* a period of *10 days* in such form and on such terms as the court shall deem appropriate under the circumstances. [emphasis added].

Here, defendant was sentenced to both a $250 fine and a ten day period of community service. Since the imposition of both a fine and community service is in excess of the penalty authorized by *N.J.S.A.* 39:4–51a(c), defendant's sentence is illegal. We, therefore, vacate the sentence and remand the matter to the trial court for resentencing.

## V.

Accordingly, except to vacate the sentence and remand the matter to the trial court for resentencing, the judgment under review is affirmed. We do not retain jurisdiction.