**In re Othar GILLIAM, Debtor.**

**Othar GILLIAM, Plaintiff,**

v.

**METROPOLITAN GOVERNMENT OF NASHVILLE and Davidson County, Tennessee and Thomas H. Shriver, District Attorney General, Defendants.**

**Bankruptcy No. 385–02143.**
**Adv. No. 386–0129.**

United States Bankruptcy Court,
M.D. Tennessee.

Oct. 31, 1986.

Edgar M. Rothschild, III, Thomas F. Bloom, Rothschild & Lefkovitz, Nashville, Tenn., for debtor.

Kevin S. Key, Metropolitan Atty., Nashville, Tenn., for Metropolitan Government of Nashville and Davidson County, Tenn.

James W. Thompson, Asst. Atty. Gen., Nashville, Tenn., for Dist. Atty. Gen. Shriver.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

A Chapter 13 debtor seeks to enjoin the State of Tennessee from revoking the debtor's probation and suspended sentence for a DUI conviction.[1] The only unsatisfied condition of probation is payment to the state of a criminal fine and court costs. The debtor's confirmed Chapter 13 plan calls for full payment of the fine and costs. As explained below neither the automatic stay of 11 U.S.C. § 362 nor the discharge injunction of 11 U.S.C. § 524 is available to protect the debtor from probation revocation. The debtor has failed to demonstrate facts in support of other injunctive relief.

The following constitute findings of fact and conclusions of law. Bankr.R. 7052. This is a core proceeding. 28 U.S.C. §§ 157(b)(2)(A), (I), (O) (1982 ed. & Supp. II 1984).

### I.

The facts are stipulated:

1. On July 19, 1985, the debtor filed a Chapter 13 petition.

2. The state criminal court clerk was listed as an unsecured claimholder in the amount of $368.75, representing a criminal fine of $250.00 for conviction of driving under the influence, plus court costs.

3. Except for payment of the fine and court costs, the debtor has fulfilled all requirements of his DUI sentence, including 48 hours in jail, five sessions of a chemical dependency program, and attendance at Alcoholics Anonymous.

4. On September 18, 1985, the debtor's Chapter 13 plan was confirmed and payments commenced. The plan proposes to pay 100% of the criminal fine and court costs.

5. On November 1, 1985, the debtor received a letter from the Department of Probation indicating that failure to pay the fine and court costs would "result in a revocation hearing and probably a 30 day jail sentence".

6. On December 27, 1985, Thomas H. Shriver, District Attorney General for Davidson County, Tennessee, filed a petition in the state criminal court to revoke probation and suspended sentence on the ground that the debtor "has failed to pay his fine and court costs as ordered by the court, thus violating a condition of his probation".

7. On January 14, 1986, General Sessions Judge Barbara Haynes heard the petition to revoke probation and suspended sentence, and extended the debtor's probation for a period of one year.

On April 10, 1986, debtor filed this "Complaint to Determine Status of Claim for Criminal Court Fines and Costs and Whether Revocation of Probation Proceedings for Nonpayment is Stayed by 11 U.S.C. Section 362." The debtor's theory is that the criminal fine and court costs are "debts" which may be dealt with in a Chapter 13 plan and discharged[2] upon completion of payments.

---

1. Decisions in this district discussing variations on this issue include *Brown v. Shriver (In re Brown)*, 39 B.R. 820 (Bankr.M.D.Tenn.1984) (effect of the § 524 discharge injunction on *post*-discharge probation revocation); *Holder v. Dotson (In re Holder)*, 26 B.R. 789 (Bankr.M.D. Tenn.1982) (*pre*-discharge request to enjoin district attorney from continuing criminal prosecution under "bad check" statute); *Whitaker v.*

*Lockert (In re Whitaker)*, 16 B.R. 917 (Bankr.M. D.Tenn.1982) (*post*-discharge request to enjoin district attorney from continuing criminal prosecution under "bad check" statute).

2. Debtor proposes to pay the fine and costs in full during the life of the plan. Though debtor may ultimately be eligible to "discharge" these claims after completion of all payments pursu-

The debtor reasons that the automatic stay of § 362 and the discharge injunction of § 524 prohibit the state to seek collection of its claims other than to accept payments under the plan. In the alternative, the debtor argues this court should exercise its equitable powers pursuant to 11 U.S.C. § 105 to enjoin the state from revoking probation while the debtor pays the state through the plan.

## II.

■ The debtor's obligations to pay a criminal fine and court costs constitute "debts" for bankruptcy purposes. This holding is a logical deduction from *Brown v. Shriver (In re Brown)*, 39 B.R. 820 (Bankr.M.D.Tenn.1984). In *Brown* we held that a state criminal court order to pay restitution as a condition of probation was a debt. As explained in *Brown:*

> The relationship memorialized by a criminal court award of restitution is not beyond the scope of "debt" for bankruptcy purposes. "Debt" dischargeable in bankruptcy is not restricted to obligations incurred in consumer or business transactions, but includes *all* obligations, however, incurred. 11 U.S.C.A. § 101(11) (West 1979) defines "debt" broadly as a "liability on a claim." "Claim" is broadly defined as any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C.A. § 101(4)(A) (West 1979). The legislative history indicates that "claim" should be interpreted to foster the widest scope of debtor relief:
>
>> The definition is any right to payment.... By this broadest possible

ant to 11 U.S.C. § 1328(a), if the debtor pays this plan in full no amount of the fine or court costs will remain to be "discharged."

**3.** In *Robinson*, the Second Circuit found that "Congress intended 'claim' to encompass *any* right held by *any* person or entity to enforce *any* money obligation of the debtor." *Id.* at 35 (emphasis added). The *Robinson* court held that a restitution order requiring repayment of

definition, and by the use of the term throughout the title 11 ... the bill contemplates *that all legal obligations of the debtor, no matter how remote or contingent,* will be able to be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy court.

H.R.REP. NO. 595, 95th Cong., 1st Sess. 309 (1977); S.REP. NO. 989, 95th Cong., 2d Sess. 21 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5808, 6266. (emphasis added).

\*　\*　\*　\*　\*　\*

If the Bankruptcy Code said that only orders to pay money by *civil* courts are debts for bankruptcy purposes, then credence could be given to the defendant's argument that a criminal court restitution order does not embody a "debt" dischargeable in bankruptcy. However, nothing in the Bankruptcy Code suggests that only civil courts enter orders to pay money that are subject to discharge in bankruptcy.

*Id.* at 822. The holding in *Brown* is consistent with the decisions of other courts. *See Robinson v. McGuigan*, 776 F.2d 30 (2d Cir.1985) *cert. granted sub nom. Kelly v. Robinson*, — U.S. —, 106 S.Ct. 1181, 89 L.Ed.2d 298 (1986);[3] *Heincy v. Superior Court (In re Heincy)*, 58 B.R. 930 (Bankr.S.D.Cal.1986). Congress has considered but not enacted legislation to change this result.[4]

The logic of *Brown* is especially compelling in the context of a court order to pay a fine. Congress contemplated that fines payable to a governmental entity are debts for bankruptcy purposes. Among the exceptions to the dischargeability of debts in bankruptcy, Congress positioned 11 U.S.C. § 523(a)(7):

wrongfully-received public assistance benefits was dischargeable in a Chapter 7 case.

**4.** H.R. 3742 99th Cong., 2d Sess. (1986). The Judicial Conference of the United States is on record in favor of the pending legislation. Proceedings of the Judicial Conference of the United States at 20 (Mar. 12–13, 1986).

(a) A discharge ... does not discharge ... any *debt*—

(7) to the extent such *debt* is for a fine, ... payable to ... a governmental unit.... (emphasis added).

The provision for an exception to the dischargeability of debts for fines is persuasive that Congress intended fines to be debts in bankruptcy cases. *See also* 11 U.S.C. § 726(a)(4) (fourth priority of distribution in Chapter 7 cases for "any fine").

Because a criminal fine and court costs constitute debts, these obligations are subject to discharge in a Chapter 13 case. 11 U.S.C. § 1328(a) requires: "[a]s soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all *debts* provided for by the plan...." (emphasis added).

■ The discharge in a Chapter 13 case after completion of all payments under a confirmed plan is broader than the discharge available in a Chapter 7 case and includes the potential for discharge of a criminal fine and court costs. As the Court of Appeals for this circuit explained in *Memphis Bank & Trust v. Whitman*, 692 F.2d 427, 428 (6th Cir.1982), the discharge in a Chapter 13 case relieves the debtor of all debts except "alimony and child support, claims not included in the plan and certain long-term obligations voluntarily excepted from the plan.... [T]he nine exceptions to discharge, including fraud, applicable to Chapter 7 are not applicable to Chapter 13."[5] The exception to discharge of criminal fines found in 11 U.S.C. § 523(a)(7) is not applicable in a Chapter 13 case if the conditions in § 1328(a) are satisfied.

The discharge injunction is broad enough to prohibit collection of a criminal fine or court costs after completion of all payments in a Chapter 13 case. The discharge after completion of all payments in a Chapter 13 case "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [debt discharged under § 1328] as a personal liability of the debtor...." 11 U.S.C. § 524(a)(2) (1982 ed. & Supp. II 1984). As explained in *Brown*:

In the absence of a successful action under §§ 727 or 523, bankruptcy courts have the power and the responsibility to protect discharged debtors from *any* effort to collect a discharged debt even if the underlying obligation arises from criminal conduct.... Section 524(a)(2) enjoins the commencement or continuation of *any* action to collect or recover the discharged debt, releases the debtor from any legal duty to repay the obligation and renders the debt uncollectible by *any* legal process....

... A criminal proceeding continued or initiated to recover or collect a discharged debt is enjoined by the § 524 discharge injunction.

39 B.R. at 828–29 (footnotes omitted).

■ However, the discharge injunction is not yet in effect in this case. Section 1328(a) operates to delay the entry of the discharge in a Chapter 13 case until completion of payments under the plan. During the interim between filing and discharge, the Chapter 13 debtor is protected from collection efforts not by § 524 but by the automatic stay of 11 U.S.C. § 362.

The automatic stay and the discharge injunction are not coextensive.[6] 11 U.S.C. § 362(b)(1) (1982 ed. & Supp. II 1984) specifically excepts from the stay "the commencement or continuation of a criminal action or proceeding against the debtor." This exception does not appear in § 524, leading to the conclusion in *Brown* that even a *criminal* proceeding to collect a discharged debt transgresses the discharge

---

5. We express no opinion whether certain government guaranteed student loans should be added to this list. *See In re Cleveland,* 64 B.R. 810 (Bankr.S.D.Cal.1986) (student loans not dischargeable in a Chapter 13 case).

6. This lack of symmetry was rationalized in *Brown,* 39 B.R. at 827, as a balancing of "deference to state criminal proceedings and protection for debtors' rights to discharge and a fresh start."

injunction. Here the opposite effect is demonstrated: Prior to discharge, the commencement or continuation of a criminal proceeding is not subject to the automatic stay without regard to its debt collection content.

■ The district attorney's action to revoke the debtor's probation constitutes the "continuation of a criminal action or proceeding" and is unaffected by the automatic stay. The fine and court costs were assessed against the debtor by the state criminal court as conditions for avoiding further incarceration. Fixing and policing the terms of probation are integral parts of the state criminal process. *See 134 Baker Street, Inc. v. Georgia*, 47 B.R. 379 (N.D. Ga.1984) (state collection of a criminally-imposed fine for distributing obscene materials was continuation of a criminal action); *United States v. Troxler Hosiery Co.*, 41 B.R. 457, 460 (D.N.C.1984) (Section 362(b)(1) of the Bankruptcy Code "makes no distinction between sentences of imprisonment or fines and is broad enough to include enforcement of a judgment through pecuniary collection means from the debtor or property of the estate"). *But see United States v. Landstrom Distributors, Inc. (In re Landstrom Distributors, Inc.)*, 55 B.R. 390, 14 COLLIER BANKR.CAS.2d (MB) (Bankr.C.D.Cal.1985) (§ 362(a) stays the federal district court from enforcing collection of a criminal fine).

### III.

■ The debtor would have this court fill the "window" created by the exception to the automatic stay by issuing an injunction pursuant to 11 U.S.C. § 105.[7] In *Brown*, 39 B.R. at 826, we examined the history of the federal anti-injunction statute, 28 U.S.C. § 2283, and the long-standing policy against federal court interference in state criminal proceedings discussed by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Traughber v. Beauchane*, 760 F.2d 673 (6th Cir.1985); *Blue Cross and Blue Shield v. Baerwaldt*, 726 F.2d 296 (6th Cir.1984); *United States v. Anderson County, Tennessee*, 705 F.2d 184 (6th Cir. 1983). The United States District Court for the Middle District of Tennessee in an unreported decision, *Searcy v. Brown*, No. 3–84–1279 (M.D.Tenn. Sept. 30, 1985) has applied these principles in a Chapter 13 case prior to discharge to refuse to enjoin revocation of probation for nonpayment of a criminal fine.

No facts have been alleged to bring this proceeding within any of the exceptions discussed in *Younger*. The debtor's current period of probation has been extended by the state criminal court at least through January of 1987. No revocation of probation is threatened at this time. The debtor is not without remedy. If an exception to application of *Younger* appears, the debtor may again seek injunctive relief in this court. More likely, when and if the district attorney general seeks revocation of debtor's probation, the debtor can plead his Chapter 13 plan in defense and explain to the state criminal court the extent of his continuing efforts to pay the fine and costs through the confirmed plan. It is not obvious why the district attorney general would desire to revoke the debtor's probation for nonpayment of a fine and costs if the debtor is engaged in a substantial effort to pay the fine and costs through the Chapter 13 plan and if success in that effort is demonstrated.

An appropriate order will be entered.

---

7. 11 U.S.C. § 105 reads as follows:
    (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.
    (b) Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.
    (c) The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 from its operation.