In re 1820–1838 AMSTERDAM
EQUITIES, INC., Debtor.

The CITY OF NEW YORK,
Creditor–Appellant,

v.

1820–1838 AMSTERDAM EQUITIES,
INC., Debtor–Appellee.

No. 92–B–42490.

United States District Court,
S.D. New York.

Jan. 4, 1996.

Paul A. Crotty, Corporation Counsel of New York City, New York City (Alan H. Kleinman, Paul E. Kazanoff, of counsel), for Creditor–Appellant.

Finkel Goldstein Berzow & Rosenblum, New York City (Kevin J. Nash, of counsel), for Debtor–Appellee.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

### Introduction

Creditor–Appellant, the City of New York, ("City"), appeals from an Amended Emergency Repair Order ("Order") issued by Bankruptcy Judge Prudence B. Abram on November 9, 1994, and a subsequent ruling made at a November 10, 1995 hearing, wherein the Bankruptcy Judge denied the City's request that she authorize the City to issue and enforce criminal summonses against the debtor and its officers for failure to cure violations of the City's fire code in a commercial building owned by the debtor. Debtor–Appellee 1820–1838 Amsterdam Equities, Inc. moves to dismiss the appeal as moot.

The central issues presented by this appeal are (1) whether the Bankruptcy Court exceeded its authority by issuing the Order against the City, which required the City to get prior authorization from the Bankruptcy Court before commencing civil and criminal proceedings against the debtor-appellee, 1820–1838 Amsterdam Equities ("debtor") and its officers including Andonis Morfesis ("Morfesis"); (2) whether the Order constitutes an unreasonable infringement upon the City's police powers; and (3) whether the issues are moot given that the Order was for a period of 45 days and, therefore, expired during the pendency of this appeal.

The City argues that the Bankruptcy Court should not have enjoined the City enforcement actions absent a showing of great and immediate irreparable injury to the debtor; that the Bankruptcy Judge's Order interferes with state and local criminal and administrative enforcement proceedings; and that even though the Order has since expired, the issues are not moot given that the rulings involved are "capable of repetition yet escaping review." *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

### Background

The debtor in this case is a single-asset corporation and the owner of a commercial building in upper Manhattan. On May 4, 1992, the debtor filed a voluntary petition in bankruptcy. On July 29, 1994 the City moved to dismiss the debtor's Chapter 11 petition, and sought sanctions and an order of contempt against the debtor for failing to comply with the Bankruptcy Judge's discovery order. The City moved for dismissal under 11 U.S.C. § 1112(b) on the grounds that the debtor had failed to meet its obligations as a debtor-in-possession, including the failure to timely file monthly operating and financial reports, the failure to make payment of post-petition taxes, the failure to compile a plan of reorganization, and the failure to comply with the court's discovery order. In addition to the debtor's monetary problems, the building in question was in violation of various building and fire codes, including blocked fire exits, deterioration of exterior walls, and unsafe window installation. The City also claimed that the debtor was in default for over $580,000 in back real estate taxes, water and sewer charges and other assessments. The City also alleged that the Bankruptcy petition had been brought in bad faith, and alleged that the mortgage held by Dominion Financial Corp.

("Dominion"), the owner of the first mortgage of the property, was fraudulent.

The debtor did not deny the City's allegations regarding their failure to make the necessary filings, but rather asserted that its delay in filing was due in part to its commencement of adversary proceedings against non-paying tenants and that it was working on a plan of reorganization with Dominion.

Bankruptcy Judge Abram heard oral arguments on the City's motions on October 7, and October 20, 1994. At these hearings, Dominion pledged that it would make the repairs to the building that were necessary to comply with the City's codes. On November 9, 1994, the Bankruptcy Judge issued the Order, which allowed Dominion time to make the necessary repairs and gave them the assistance of the U.S. Marshal's service to gain entry to the building. The Order also enjoined the City for 45 days from taking any enforcement actions against the debtor or its officers for failing to cure the violations of the City's building and fire codes, without prior authorization from the Bankruptcy Court.

At a November 10, 1994 hearing, the City moved to strike that portion of the Order which provided for the 45–day non-enforcement period and again moved to dismiss the bankruptcy petition. Bankruptcy Judge Abram upheld the Order in its entirety and denied the City's motion to dismiss the petition. Bankruptcy Judge Abram stated that the Order was aimed at preserving the jurisdiction of the court over the asset and that her intention was to safeguard the building for the debtor and its mortgageholders. She determined that this process could be dealt with more efficiently through the single forum of the Bankruptcy Court, rather than involving other courts through the enforcement of criminal sanctions.

Bankruptcy Judge Abram also found that the City had no reason to object to Dominion making the necessary repairs, since these repairs would cure the defects to the property of which the City complained. Bankruptcy Judge Abram also questioned the timing of the City's motion, given that the City knew about these violations for a significant amount of time and did nothing to cure them until the property was already in bankruptcy.

On November 22, 1994 Judge Patterson heard the City's emergency motion for leave to appeal the 45–day non-enforcement portion of the order and for a stay of the order pending appeal. Judge Patterson granted the City's motion for leave to appeal the non-enforcement provision of the order and granted a stay of the Order to the extent that it prevented the City from bringing criminal, but not administrative, proceedings against the debtor.

On November 29, 1994, Judge Sweet heard the City's motion to appeal from Bankruptcy Judge Abram's denial of the City's motion to dismiss. Judge Sweet found that the denial of the motion to dismiss did not meet the requirements for an interlocutory appeal from the Bankruptcy Court.

On December 22, 1994, the City appealed Bankruptcy Judge Abram's Order to the District Court.

## Discussion

■ The debtor argues that this appeal should be dismissed as moot since the injunction portion of the Order in question expired during the pendency of this appeal, and therefore, has no continued effect. The City responds that although the effect of the injunction contained in the Order in this case may have lapsed, the question of whether the Bankruptcy Judge had the authority to issue such an order has not, and a resolution of that question is necessary to prevent similar orders being issued in the future.

■ A dispute is "capable of repetition yet evading review" where " '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.' " *In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir.1992), quoting *Johnson Newspaper Corp. v. Morton*, 862 F.2d 25, 30 (2d Cir.1988).

The City could not have possibly filed and fully adjudicated the issues in this appeal within the 45–day period during which the injunction had effect. To properly pursue this appeal, the City had to make the various

filings outlined above, and, therefore, could not have fully litigated the issues involved prior to the expiration of the injunction.

Moreover, I have no doubt that the City could be subject to the same action again in this or another bankruptcy matter. If this Order were allowed to stand, Bankruptcy Judge Abram, or another Bankruptcy Judge, may issue similar orders in the future. It is imperative to prevent this ruling from setting precedent in the Bankruptcy Courts of this District. For these reasons, the issues involved in this appeal fall under the "capable of repetition yet evading review" heading, and, therefore, I will consider the propriety of this injunction. *See In re Commerce Oil,* 847 F.2d 291, 293–94 (6th Cir.1988) ("capable of repetition yet evading review" doctrine applies to allow consideration of appeal where issue involved could arise as a result of similar actions taken by state agencies in subsequent bankruptcy proceedings).

■ A Bankruptcy Judge's conclusions of law are reviewed on a *de novo* basis and her findings of fact are reviewed under a clearly erroneous standard. *In re Manville Forest Prod. Corp.,* 896 F.2d 1384, 1388 (2d Cir. 1990).

■ The City argues that the Bankruptcy Judge exceeded her authority by requiring the City to get prior authorization from the Bankruptcy Court before commencing civil and criminal proceedings against the debtor and its officers. Moreover, the City argues that in issuing this Order, the Bankruptcy Judge flouted clearly-established substantive and procedural bankruptcy rules. After full consideration of the record of this appeal, I agree with the City.

The Order in question interferes with the City's ability to enforce local laws, a result that the bankruptcy laws clearly seek to avoid. For example, Section 362 of the Bankruptcy Code provides an exception to the automatic stay in bankruptcy to allow for criminal and regulatory enforcement proceedings against the debtor by local and state government. Section 362 states:

[t]he filing of a petition ... does not operate as a stay—

(1) under subsection (a) of this section, of the enforcement or continuation of a criminal action or proceeding against the debtor; [or]

(4) under subsection (a)(1) of this section, of the commencement and continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police and regulatory power;

Bankruptcy Code § 362(b)(1) and (4). Moreover, the bankruptcy laws clearly require that "a debtor in possession ... shall manage and operate the property [in bankruptcy] ... according to the requirements of the valid laws of the State in which such property is situated...." 28 U.S.C. § 959(b).

■ This language demonstrates that the protection afforded by the bankruptcy laws is not intended to prevent local governments from bringing valid enforcement actions against debtors-in-possession. The actions which the Order enjoined the City from pursuing, enforcement of the City's fire and building codes, are fundamental powers of a local government, which serve the interests of the local government in protecting its citizens and should not be disturbed by a bankruptcy court.

■ In spite of the language cited above, Bankruptcy Judge Abram issued the injunction with the intention of maintaining the bankruptcy court's jurisdiction over the property. While § 105(a) of the Bankruptcy Code allows the Bankruptcy Court to issue orders "in aid of its jurisdiction", this does not give bankruptcy judges the authority to circumvent the restrictions on their authority contained within the Code.

■ Indeed, the Bankruptcy Judge's Order appears to violate the fundamental principles of the *Younger* abstention doctrine, which holds that federal courts should not interfere, by way of an injunction or declaration, with state or local criminal and quasi-criminal administrative proceedings, in the absence of extraordinary circumstances. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The fact that this debtor could be subject to an enforcement proceeding for violation of the City's fire and building codes, which would not necessarily

have an effect on the debtor's possessory interest in the property, does not present such extraordinary circumstances.

 Additionally, Bankruptcy Judge Abram's Order did not comply with Bankruptcy Rule 7065, which requires that all Bankruptcy Court injunctions conform to Rule 65 of the Federal Rules of Civil Procedure. Rule 65 states that "every order granting an injunction shall set forth the reasons for its issuance...." Fed.R.Civ. Proc. 65(d). Nowhere in the Order in question did Bankruptcy Judge Abram state her reasons for issuing the 45-day injunction against the City's enforcement actions. Although Bankruptcy Judge Abram stated at the November 10th hearing that one of her primary concerns in issuing this Order was to preserve the jurisdiction of the bankruptcy court over the property, this post hoc statement is not sufficient to justify issuing an injunction preventing the City from performing its fundamental functions.

It is unclear from the record what irreparable harm, if any, the debtor established to warrant the extreme remedy of an injunction. Although it may have been correct to allow Dominion access to the property to make the necessary repairs, the Bankruptcy Judge made no findings of fact as to how City proceedings against the debtor for past violations would prevent Dominion from doing the repair work it promised to do. Similarly, the Bankruptcy Judge made no findings of fact as to how such proceedings would delay the debtor's proposed reorganization.

### Conclusion

For all these reasons, I hold that the Bankruptcy Judge exceeded her authority by requiring the City to seek Bankruptcy Court approval before commencing civil and criminal proceedings against the debtor for a period of 45 days. The short duration of the Order is immaterial to whether Bankruptcy Judge Abram had the authority to issue such an order. The section of the November 9, 1994 Order which contains the restriction on the City's enforcement proceedings is invalid. Since this portion of the Order is invalid, the Bankruptcy Judge's denial of the City's request made at the November 10, 1994 hearing, to allow the City to bring criminal pro-ceedings against the debtor pursuant to this Order, is reversed.

SO ORDERED.