**In the Matter of Ivan A. CUEVAS, Jr., Debtor.**

**Bankruptcy No. 96–15140.**

United States Bankruptcy Court,
D. New Jersey.

Feb. 25, 1997.

**458**

Seymour Wasserstrum, Vineland, NJ, for Debtor.

Alfred J. Verderose, Department of Law, Associate City Solicitor, Vineland, NJ, for City of Vineland.

### AMENDED OPINION

JUDITH H. WIZMUR, Bankruptcy Judge.

Debtor seeks a determination that the actions taken by the Vineland Municipal Court

to incarcerate him post-petition for his failure to continue making payments toward his pre-petition assessed court fines violated the automatic stay. In the event that no violation of the automatic stay is found, debtor seeks recourse under section 105 to relieve him from incarceration by the municipal court.

### FACTS

Debtor, Ivan A. Cuevas, Jr., filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 11, 1996. Debtor's schedules reflected, among other unsecured debts, claims held by the Buena Vista Municipal Court, the Commercial Township Municipal Court, the Millville Municipal Court, and the Vineland Municipal Court for unpaid traffic related fines. Debtor's Chapter 13 plan proposes a minimal dividend to unsecured creditors.[1]

On or about November 3, 1996, the debtor was arrested on warrants issued by the Vineland Municipal Court and the Commercial Township Municipal Court for his failure to continue to pay various court fines. Debtor was detained by the Vineland Police Department and placed in the Cumberland County Jail. Commercial Township lifted their warrant and directed the Cumberland County Jail to release the debtor after learning that the debtor had filed a petition in bankruptcy. The Vineland Municipal Court was also given notice of debtor's bankruptcy, but they did not agree to release the debtor.

At the request of debtor's counsel, we convened a telephone conference call on November 4, 1996, with debtor's counsel and the Honorable John A. Kaspar, Municipal Court Judge for the City of Vineland. Neither debtor's counsel nor Judge Kaspar were aware of the specific facts pertaining to the incarceration of the debtor. We determined to release the debtor from incarceration on an interim basis, pending the receipt of submissions from the parties addressing the issues presented, without prejudice to the mu-

---

1. Debtor does not list any secured creditors, and he proposes to pay $50 a month for 60 months to provide for the trustee's commission, the balance of counsel fees ($1,360.00) and a "base plan to unsecured creditors." Somewhat contradictory, debtor's plan provides in the next subparagraph that there will be a zero dividend to unsecured creditors. Assuming that the debtor does intend to pay a dividend to the unsecured creditors, the dividend would appear to be less than 10%.

nicipality's opportunity to reimpose a jail term following resolution, as appropriate.

As we now understand the facts, the debtor was convicted pre-petition of driving without insurance (N.J.S.A. 39:6B–2), for improper tag display (N.J.S.A. 39:3–33), and for two offenses of driving on the revoked list (N.J.S.A. 39:3–40). On these charges, the debtor had his license suspended and he was fined $642.50. For the second charge of driving while on the revoked list, debtor was fined an additional $1,027.50 with further loss of driving privileges. Debtor was afforded the opportunity to remit his fines on an installment basis. When he failed to continue to pay these installments after the filing of his bankruptcy petition, the Vineland Municipal Court issued a warrant for his arrest and placed him in jail.

### DISCUSSION

The automatic stay, effected upon the filing of a bankruptcy petition, 11 U.S.C. § 362(a), prohibits the continuation or commencement of judicial actions against the debtor, the enforcement of pre-petition judgments, or other acts to collect a pre-petition claim.[2] Exceptions to the imposition of the automatic stay include "the commencement or continuation of a criminal action or proceeding against the debtor,"[3] an action "by a governmental unit to enforce … police or regulatory power,"[4] or "the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce … police or regulatory power."[5] 11 U.S.C. § 362(b).

To determine whether the automatic stay was effected in this case to prevent the post-petition incarceration of the debtor, we turn to consider the statute under which the debtor was incarcerated.[6] N.J.S.A. 39:5–36 mandates the imprisonment of a person convicted of a motor vehicle violation if the person defaults in the payment of any of the fines imposed under Subtitle 1 of Title 39, Motor Vehicle and Traffic Laws.[7] In other words,

---

2. 11 U.S.C. § 362 provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

> .   .   .   .   .

> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

3. Section 362(b)(1) provides:

> The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
> (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor.

4. Section 362(b)(4) provides that debtor's filing does not operate as a stay:

> under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

5. Section 362(b)(5) provides that debtor's filing does not operate as a stay:

> under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

6. We assume the defendant, who was convicted of violations of N.J.S.A. 39:6B–2, 39:3–40 and 39:3–33, was incarcerated under authority of N.J.S.A. 39:5–36, discussed infra. We note that incarceration in the event of default in payments is also authorized under N.J.S.A. 39:3–33.

7. N.J.S.A. 39:5–36 provides in part:

> Unless otherwise expressly provided in this subtitle, any person who shall be convicted of a violation of any of the provisions of this subtitle, and upon whom a fine shall be imposed, shall, in default of payment thereof, be imprisoned in the county jail or workhouse of the county where the offense was committed, but in no case shall such imprisonment exceed 1 day for each $20.00 of the fine so imposed, nor

if a defendant defaults in paying fines relating to motor vehicle violations, the court is authorized to incarcerate the defendant in lieu of collecting the fine.

The case of *State v. De Bonis,* 58 N.J. 182, 276 A.2d 137 (1971) is instructive on the purpose and application of N.J.S.A. 39:5–36. In *De Bonis,* the defendant pled guilty to various motor vehicle charges, including three violations of driving while on the revoked list, two charges of applying for a permit when his license had been revoked, and a charge of failing to have a driver's license in his possession. *Id.* at 185–86, 276 A.2d 137. The defendant objected to being incarcerated without having the opportunity to pay his fines in installments. In explaining the interaction between the statutes providing for specific punishments for specific offenses and the statutes providing for substituted jail terms, the New Jersey Supreme Court stressed that:

> in our State a fine is intended to punish, and that imprisonment upon nonpayment, far from being a collection device, is substituted punishment designed to achieve the punitive end which the fine was imposed to achieve but failed to achieve.

*Id.* at 192, 276 A.2d 137. The Court quoted from the concurring opinion in *State v. Lavelle,* 54 N.J. 315, 326–27 (1969):

> Nor is it correct to say that the purpose of imprisonment for nonpayment of a fine is to "compel" its payment. Obviously that is not so. The offender is not held in custody until the fine is fully paid. On the contrary, the fine is liquidated by the imprisonment, and far from yielding payment, such imprisonment results in the loss to the State of both the fine and the cost of the additional confinement. The point to be remembered is that the in-lieu-of imprisonment is substituted punishment to achieve a punitive aim that could not be attained by way of a fine. The statute provides for the liquidation of a fine by time in jail precisely because the fine is intended to punish. Indeed, it would be intolerable to jail an indigent offender until the fine is paid without reduction for the period of detention, for that would smack

of imprisonment for nonpayment of a debt rather than of punishment for the penal misdeed.

*Id.* at 192, 276 A.2d 137. The Court reiterated that "our Legislature provided for substituted jail time in order to further a penal objective by subjecting a defendant to one sting instead of another that failed." *Id.* at 195, 276 A.2d 137. "Again, we are not talking about the collection of a debt; the subject is punishment, and the aim is to inflict a therapeutic sting." *Id.* at 198, 276 A.2d 137. The Court recognized that it is better to "permit the imposition of a fine notwithstanding doubts as to ability to pay in installments, and then upon default, to recall the defendant for resentence in the light of the defendant's individual circumstances." *Id.* at 199, 276 A.2d 137.

Applying the *DeBonis* characterization of incarceration under N.J.S.A. 39:5–36 as punishment rather than debt collection, we must conclude that the municipal court's action to incarcerate the debtor following the filing of his bankruptcy petition did not constitute a violation of 11 U.S.C. § 362(a) as an act against the debtor to collect a pre-petition claim. Rather, the debtor's incarceration represented the continuation of a criminal proceeding substituting incarceration as the penalty for debtor's earlier convictions.

■ By this determination, we accept that motor vehicle violations may be characterized as "quasi-criminal" statutes. *See State v. Hammond,* 118 N.J. 306, 571 A.2d 942 (1990); *State v. Walten,* 241 N.J.Super. 529, 533, 575 A.2d 529 (App.Div.1990); *Vickey v. Nessler,* 230 N.J.Super. 141, 149, 553 A.2d 34 (App.Div.), *certif. denied* 117 N.J. 74, 563 A.2d 836 (1989). A quasi-criminal statute falls within the meaning of "criminal action" as that term is used in § 362(b)(1), and its enforcement is therefore excepted from the imposition of the stay. *In re Corbo,* 117 B.R. 109, 111 (Bankr.D.N.J.1990). *See also In re Sims,* 101 B.R. 52 (Bankr.W.D.Wis.1989) (debtor's incarceration for failing to pay fine imposed in lieu of jail term was continuation of criminal action); *In re Gilliam,* 67 B.R. 83 (Bankr.M.D.Tenn.1986).

shall such imprisonment exceed, in any case, a period of 3 months.

We reject debtor's invitation to employ section 105 of the Bankruptcy Code to enjoin the municipal court from incarcerating him. Injunctive relief under these circumstances would directly contravene the express provisions of section 362(b). "Section 362(b)(1) ensures that the automatic stay provision is not construed to bar federal or state prosecution of alleged criminal offenses." *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 560–61, 110 S.Ct. 2126, 2132, 109 L.Ed.2d 588 (1990). The exception serves to ensure that " '[t]he bankruptcy laws are not a haven for criminal offenders.' " *Id.* 560, 110 S.Ct. at 2131–32 (quoting H.R.Rep. No. 595, 95th Cong. 1st Sess. 342 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 51 (1978)). "The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States," and the United States Supreme Court has "emphasized repeatedly 'the fundamental policy against federal interference with state criminal prosecutions.' " *Kelly v. Robinson*, 479 U.S. 36, 47, 107 S.Ct. 353, 360, 93 L.Ed.2d 216 (1986). We would not lightly "hamper the flexibility of state criminal judges in choosing the combination of imprisonment, fines, and restitution most likely to further the rehabilitative and deterrent goals of state criminal justice systems." *Id.* at 49, 107 S.Ct. at 360.

Debtor's citations to cases in which courts have relied on section 105 to enjoin criminal proceedings are distinguishable. In each instance, the court was addressing a proceeding intended to collect a debt, rather than punishing the offender. *See, e.g. In re Colon*, 102 B.R. 421, 428 (Bankr.E.D.Pa.1989) (state cannot enforce collection of fine by threatening arrest or suspension of driving privileges); *In re Bill*, 90 B.R. 651, 656–57 (Bankr.D.N.J.1988) (driver's license can not be suspended in attempt to compel payment of surcharges); *In re Sampson*, 17 B.R. 528, 530 (Bankr.N.D.Conn.1982) (state cannot enforce statute designed to protect pecuniary interests of judgment creditors).

We conclude that debtor's incarceration by the Vineland Municipal Court was not an attempt to collect a debt, but was a continuation of a criminal proceeding to impose a jail sentence in lieu of a fine. The automatic stay was not effected by debtor's bankruptcy filing to bar his incarceration. This court's order issued orally on November 4, 1996, to release debtor is hereby vacated.

Debtor's counsel shall submit an order in conformance herewith.