In Re Timothy A. STIEG, Debtor.

Timothy A. Stieg, Plaintiff

v.

Katherine Hanson, Executor Estate of James R. Rutherford, Defendant.

Bankruptcy No. 11–17249.
Adversary No. 13–1072.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Signed March 28, 2014.

Harry B. Zornow, Hamilton, OH, Plaintiff.

Timothy Robert Evans, Sr., Hamilton, OH, for Defendant.

## JUDGMENT ON COMPLAINT

JEFFERY P. HOPKINS, Bankruptcy Judge.

Does the prosecution of a concealment action, brought in probate court pursuant to Ohio Rev.Code § 2109.50, fall within the criminal exception to the automatic stay set forth in 11 U.S.C. § 362(b)(1)? The answer depends upon the relief sought in the concealment action. The action is stayed to the extent that it seeks a monetary judgment related to a prepetition claim.

The Plaintiff, Timothy A. Stieg ("Stieg"), commenced this adversary proceeding to stay a concealment action filed by the Defendant, Katherine Hanson acting as executor of the probate estate of James R. Rutherford ("Hanson"). The concealment action is stayed to the extent that it seeks a monetary judgment related to a prepetition claim. However, because Stieg failed to schedule Hanson in time to file a timely proof of claim, any judgment arising from the concealment action is nondischargeable and relief from the automatic stay is warranted.

### PROCEDURE

Before the Court is a summary judgment motion ("Motion")(Doc. 14) filed by Stieg. This Court held a hearing on February 12, 2014. At the close of argument the Court held the Motion in abeyance and, without opposition from Hanson, permitted Stieg to supplement the record with various exhibits and the testimony of Stieg. Finding a genuine issue of material fact in the summary judgment record,[1] the Court hereby **DENIES** the Motion and renders decision on the evidentiary record established at the February 12, 2014 hearing.[2]

---

1. Stieg submitted no evidence with his Motion. However, Hanson's answer admitted many of the allegations in the complaint. See Docs. 1 and 4. It appears that Stieg predicates the Motion upon these admissions. Notwithstanding, at least one question of fact existed prior to the supplementation of the record: the precise relief sought in the probate court.

A copy of the probate complaint was admitted into evidence at the February 12, 2014 hearing. This evidence was not part of the record on summary judgment.

2. The record is comprised of Hanson's admissions and the exhibits and testimony offered at the February 12, 2014 hearing.

## FACTS

Stieg is a bookkeeper and tax preparer. Hanson hired Stieg to prepare tax returns and probate court reports. The probate estate owned two parcels of real property. The properties were leased, with an option to purchase. Stieg collected periodic payments from both lessees. The parties dispute whether Stieg turned over all payments to Hanson. Stieg terminated his employment in September of 2011.

Stieg filed a chapter 13 petition on December 6, 2011.[3] At that time he did not schedule Hanson as a creditor. This Court confirmed Stieg's chapter 13 plan on March 13, 2012. See Case No. 11–17249 at Doc. 34. The last day to file a proof of claim was April 23, 2012. See Case No. 11–17249 at Doc. 9. Hanson first learned of Stieg's bankruptcy in June of 2012.

Hanson filed a concealment action against Stieg, in the Butler County Probate Court ("Probate Court"), on December 3, 2012.[4] Stieg amended his bankruptcy schedules, on January 8, 2013, to add Hanson as a general, unsecured creditor with a disputed claim. Hanson has not filed a proof of claim.

The concealment complaint alleges that Stieg collected $10,900 from the lessees for which he has neither accounted nor delivered to Hanson. The concealment complaint seeks a judgment against Stieg for all amounts allegedly concealed, plus a statutory penalty of ten percent. There is no record of any investigation of Stieg by law enforcement authorities.

Stieg did not possess any funds belonging to the probate estate at the time Stieg filed his bankruptcy petition. He did not schedule Hanson as a creditor, at the time of his petition, because he did not believe he owed any monies to the probate estate.

## PROBATE PROCEEDINGS

In the probate action Stieg argued that the automatic stay, arising under 11 U.S.C. § 362(a), stayed Hanson's concealment action. The Probate Court rejected Stieg's argument. Relying upon *Goldberg v. Maloney*, 111 Ohio St.3d 211, 855 N.E.2d 856 (2006), the Probate Court concluded that a concealment action is a quasi-criminal action that is excepted from the automatic stay by 11 U.S.C. § 362(b)(1) ("The filing of a petition ... does not operate as a stay ... under subsection (a) ... of the commencement or continuation of a criminal action or proceeding against the debtor"). When Stieg provided notice of this adversary proceeding in the probate action, the Probate Court stayed the concealment action pending a decision from this Court on the applicability of the automatic stay.

 This Court appreciates the deference of the Probate Court. The Probate Court's response to Stieg's bankruptcy, and the automatic stay arising therein, has been entirely consistent with the governing law. Non-bankruptcy courts may determine the applicability of the stay. *Chao v. Hospital Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir.2001). If a non-bankruptcy court concludes that an exception applies, it may proceed with litigation. *Id.* However, if a non-bankruptcy court proceeds under an erroneous interpretation of the stay, then there is a "risk that the entire action later will be declared void." *Id.* If the bankruptcy court reaches a dif-

---

**3.** The complaint and answer provide that the petition date was December 16, 2011. A review of the bankruptcy case file reveals that the petition was filed on December 6, 2011. See Case No. 11–17249 at Doc. 1.

**4.** The complaint and answer provide that Hanson filed the concealment action on December 19, 2012. Exhibit 1 reveals that Hanson filed the complaint on December 3, 2012.

ferent conclusion, the bankruptcy court's conclusion governs. *Id.*[5]

### CONCEALMENT ACTIONS

When someone is suspected of concealing assets of a probate estate, any person interested in the estate may file a complaint to compel the suspected person to appear before the probate court for examination. *See* Ohio Rev.Code § 2109.50. Thereafter, the probate court:

> shall determine ... whether the person accused is *guilty* of having concealed, embezzled, conveyed away, or been in the possession of moneys, personal property, or choses in action of the estate.... If the person is found *guilty,* the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed.... [T]he probate court shall render judgment ... against the person found *guilty,* for the amount of the moneys or the value of the personal property or choses in action concealed, embezzled, conveyed away, or held in possession, together with [a] ten percent *penalty* and all costs of the proceedings or complaint[.]

Ohio Rev.Code § 2109.52 (emphasis added).

■ Concealment actions are quasi-criminal in nature. *See Goldberg,* 855 N.E.2d at 864. They are quasi-criminal because they include a determination of guilt and the imposition of a penalty. *Fife v. Beck,* 164 Ohio St. 449, 132 N.E.2d 185, 188 (1956). Although an interested person may initiate the action, it is essentially an action between the probate court and the accused. *Art v. Erwin,* 183 Ohio App.3d

651, 918 N.E.2d 207, 218 (2009). An interested person is not even necessary. The probate court may initiate the action on its own motion. *See* Ohio Rev.Code § 2109.50.

Notwithstanding the quasi-criminal nature of the action, it "is not intended to be a substitute for a civil action to recover a judgment for money owing to an administrator." *Goldberg v. Mahoning County Probate Court,* 93 Ohio St.3d 160, 753 N.E.2d 192, 198 (2001).

### THE AUTOMATIC STAY AND THE CRIMINAL EXCEPTION

The filing of a bankruptcy petition stays all actions to recover a prepetition claim against the debtor. *See* 11 U.S.C. § 362(a)(1). However, it does not stay "a criminal action or proceeding against the debtor." *See* 11 U.S.C. § 362(b)(1).

Stieg argues that Hanson's concealment action is stayed by the automatic stay. Hanson argues that it falls under the criminal exception because it is quasi-criminal in nature.

■ The exceptions to the automatic stay are narrowly construed to ensure fair and equal treatment among all creditors. *See In re Building Technologies Corp.,* 167 B.R. 853, 857 (Bankr.S.D.Ohio 1994); *see also In re Grede Foundries, Inc.,* 651 F.3d 786, 790 (7th Cir.2011); *In re Parr Meadows Racing Ass'n, Inc.,* 880 F.2d 1540, 1547 (2d Cir.1989); *In re Stringer,* 847 F.2d 549, 552 (9th Cir.1988).

### THE AUTOMATIC STAY AND QUASI-CRIMINAL ACTIONS

A few quasi-criminal actions have been excepted from the automatic stay pursuant

---

**5.** For the same reasons stated in *Chao,* this Court is not bound by *Goldberg.* If a bankruptcy court is not bound by the state court stay determination in the same case, it is not bound by a state court stay determination in a different case. Even *Goldberg* itself states that "[t]he bankruptcy court is a better forum for determining whether the stay applies." *Goldberg,* 855 N.E.2d at 864.

to § 362(b)(1)'s criminal exception. Two courts have applied the exception to an action to obtain a civil protection order to enjoin a debtor's contact with a former spouse. *See In re Ballstaedt*, 500 B.R. 586 (Bankr.N.D.Iowa 2013); *In re Nelson*, 335 B.R. 740 (Bankr.D.Kan.2004).

The New Jersey bankruptcy court has issued the remainder of the decisions involving quasi-criminal actions and the § 362(b)(1) criminal exception. Judge Tuohey applied the exception to an action to recover unpaid unemployment contributions from a debtor. *See In re Corbo*, 117 B.R. 109 (Bankr.D.N.J.1990). Judge Wizmur, in two separate decisions, applied the exception to permit an action to substitute incarceration or community service in lieu of a debtor's unpaid traffic fine. *See In re Perrin*, 233 B.R. 71 (Bankr.D.N.J.1999); *In re Cuevas*, 205 B.R. 457 (Bankr.D.N.J. 1997). Judge Ferguson, confronted with the same issue, concluded that the exception did not apply. *See In re Del Ross*, No. 96–30427, 1998 Bankr.LEXIS 1869 (Bankr.D.N.J. Feb. 27, 1998)(noting that the plain language of § 362(b), which must be construed narrowly, does not except quasi-criminal actions from the scope of the automatic stay).[6]

■ This Court shares the concerns raised by Judge Ferguson in *Del Ross*. Contrary to Hanson's position, perhaps the analysis warrants more than a cursory conclusion that all quasi-criminal actions constitute "criminal action[s] or proceeding[s]" excepted under § 362(b)(1). *See*

*Del Ross*, 1998 Bankr.LEXIS 1869, at *7 ("[*Cuevas*] noted that motor vehicle violations are 'quasi-criminal' and then made the jump that 'a quasi-criminal statute falls within the meaning of "criminal action" as that term is used in § 362(b)(1).' "). Instead of an all-or-nothing analysis, perhaps courts should consider which components of the action are criminal in nature, excepting only those components of the action from the automatic stay.

## THE AUTOMATIC STAY AND THE RECOVERY OF PROBATE ESTATE PROPERTY

Without reference to § 362(b)(1), one court has considered the effect of the automatic stay upon a proceeding similar to an Ohio concealment action. *See In re Betts*, 165 B.R. 233 (Bankr.N.D.Ill.1994). In *Betts*, the personal representative of an Illinois probate estate ("Becker") petitioned the probate court for a citation to discover whether the debtor ("Betts") possessed probate estate assets. The probate court issued the citation, directing Betts to produce any probate estate property in his possession and answer questions related to the property. Betts filed a show cause petition in the bankruptcy court, arguing that the citation violated the automatic stay. Becker argued that the stay did not apply because she: (1) did not seek a personal judgment against Betts; and (2) only sought recovery of probate estate assets, not assets belonging to the bankruptcy estate or the debtor. Becker also relied upon the police and

---

**6.** The *Goldberg* decision, cited by the Probate Court, cites four decisions for the proposition that "[s]everal bankruptcy courts have held that the automatic stay exception for criminal actions and proceedings encompasses quasi-criminal actions." *See Goldberg*, 855 N.E.2d at 864. Two of the decisions are *Nelson* and *Cuevas*. The other two decisions, upon close examination, do not stand for the proposition. *In re 1820–1838 Amsterdam Equities, Inc.*, 191

B.R. 18 (S.D.N.Y.1996) involved the application of an injunction under 11 U.S.C. § 105(a), not the scope of the automatic stay. *In re Davis*, 18 B.R. 701 (D.Del.1982) involved a pure criminal prosecution for passing bad checks, clearly excepted by § 362(b)(1). Like *Amsterdam Equities, Davis* was primarily devoted to whether the criminal prosecution should be enjoined by 11 U.S.C. § 105(a).

regulatory exception to the stay set forth in 11 U.S.C. § 362(b)(4). The bankruptcy court dismissed Betts' show cause petition. It concluded that the citation proceedings in probate court were excepted from the automatic stay under § 362(b)(4), particularly when the probate estate did not seek a personal judgment or any property other than property of the probate estate. *Betts,* 165 B.R. at 240; *cf. In re DiGiovanni,* 415 B.R. 120 (Bankr.E.D.Pa.2009)(imposition of automatic stay pursuant to 11 U.S.C. § 362(c)(4) precluded executors of Pennsylvania probate estate from collecting monetary obligations of debtor to probate estate but did not preclude the enforcement of non-monetary obligations, including the obligation to produce probate estate records and documents in debtor's possession).

### THE AUTOMATIC STAY AND OHIO CONCEALMENT ACTIONS

■ This Court concludes that an Ohio concealment action is excepted from the automatic stay, pursuant to § 362(b)(1), to the extent that it involves the entry and enforcement of any citation or order requiring a debtor to: (1) appear for examination; (2) answer propounded interrogatories;[7] and (3) surrender assets or records of a probate estate, testamentary trust, or guardianship. This is consistent with the result in *Betts* and *DiGiovanni.*

■ However, an Ohio concealment action is not excepted from the automatic stay, pursuant to § 362(b)(1), to the extent that it involves the entry of a monetary judgment against a debtor. This conclusion is based upon the principle that stay

exceptions must be construed narrowly. *See Building Technologies Corp.,* 167 B.R. at 857. Because a concealment action can easily, and perhaps unintentionally, serve as a "substitute for a civil action to recover a judgment for money owing to an administrator," *Goldberg,* 753 N.E.2d at 198, the entry of a monetary judgment does not fall within § 362(b)(1)'s criminal exception to the automatic stay. This does not preclude any interested party from seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d). It is simply to say that the entry of a monetary judgment is not excepted from the stay under § 362(b)(1).

### HANSON'S DISPUTED CLAIM

■ In chapter 13 cases it is logical to grant relief from the stay to permit the liquidation, but not collection, of a disputed claim. Unless the plan provides otherwise, the claim needs to be liquidated so that the trustee can make plan distributions to the claimant.

■ Hanson's situation is different. She has not filed a proof of claim and the deadline to do so has expired. Untimely claims in chapter 13 cases are disallowed. *See In re Chavis,* 47 F.3d 818 (6th Cir. 1995). Although Hanson did not receive notice of the bankruptcy prior to the deadline, the result is the same. *See In re Sykes,* 451 B.R. 852, 858 (Bankr.S.D.Ill. 2011) (untimely claim filed by creditor without timely notice is disallowed); *In re Wright,* 300 B.R. 453, 462 (Bankr.N.D.Ill. 2003) (same).

Nevertheless, Hanson is not without recourse. Courts have recognized several

---

7. Ohio Rev.Code § 2109.51 provides: "If a person compelled under section 2109.50 of the Revised Code to appear for examination refuses to answer interrogatories propounded, the probate court shall commit the person to the county jail, and the person shall remain in close custody until the person submits to the court's order." Any such action against a debtor is excepted from the automatic stay.

remedies available to creditors without timely notice. *See Sykes,* 451 B.R. at 859; *Wright,* 300 B.R. at 462–71. First, Hanson's claim is not subject to discharge. *See* 11 U.S.C. § 1328(a)(2); *Sykes,* 451 B.R. at 859; *Wright,* 300 B.R. at 466–70. Second, Hanson is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). *Sykes,* 451 B.R. at 859–60; *Wright,* 300 B.R. at 466.

### CONCLUSION

For the foregoing reasons, all aspects of Hanson's concealment action are excepted from the stay, pursuant to § 362(b)(1), except the entry of a monetary judgment. However, because Hanson did not receive notice of the bankruptcy in time to file a timely proof of claim, relief from stay is hereby granted under § 362(d)(1) to permit: (1) the Probate Court to enter a monetary judgment, if warranted; and (2) Hanson to collect any monetary judgment issued by the Probate Court.

**IT IS SO ORDERED.**